# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| ROBERT WILLIAMS, *et al.*, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | )  Civil Action No. 03-2245 (CKK/JMF) |
|  | ) |
| MIKE JOHANNS, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

_____)

## MEMORANDUM OPINION

This case was referred to me for resolution of discovery disputes.  Currently pending before me is <u>Defendants' Motion to Compel</u>.  For the reasons stated herein, defendants' motion will be granted.

## I.    BACKGROUND

Plaintiffs Robert and Laverne Williams (collectively "plaintiffs") brought this lawsuit against the United States, the Secretary of the United States Department of Agriculture ("USDA"), the USDA's Deputy Assistant Secretary for Civil Rights, and the USDA's Deputy Director of the Office of Civil Rights alleging denial of due process and equal protection in violation of the Fifth Amendment and denial of their USDA loan application based on their race (African-American) in violation of the Equal Credit Opportunity Act of 1972 ("ECOA"), 15 U.S.C. § 1691 *et seq.*[1] <u>Plaintiffs' First Amended Complaint</u> ("Am. Compl.") ¶¶ 32-41.  On April 30, 2004, defendants filed a motion to dismiss.  On July 5, 2005, defendants' motion was granted and, as a result, plaintiffs' only remaining claim is that the denial of their 2003 application for a

_____

[1] Citation is to the electronic version available through Westlaw or Lexis.

Farm Service Agency ("FSA") loan was in violation of the ECOA. <u>Williams v. Veneman</u>, C.A. No. 03-2245 (D.D.C. July 5, 2005) (order granting motion to dismiss).

On September 23, 2005, defendants served their first set of interrogatories and requests for production of documents on plaintiffs. <u>Defendants' Memorandum in Support of Their Motion to Compel</u> ("Defs. Mem.") at 3.  Plaintiffs provided their responses to defendants' discovery requests on February 16, 2006. <u>Id.</u> at 5.  After reviewing plaintiffs' responses, defendants informed plaintiffs that the responses were inadequate and, on March 6, 2006, plaintiffs provided revised responses. <u>Id.</u> at 1-2.  The revised responses, however, were also inadequate and, therefore, on March 21, 2006, defendants filed the present motion to compel.  Shortly thereafter, on March 23, 2003, Judge Kollar-Kotelly granted defendants' unopposed motion to extend the deadline for discovery from July 19, 2006 to September 20, 2006.

II.     **DISCUSSION**

   A.     **The Basic Requirements of Rules 33 and 34**

Under Rule 33 of the Federal Rules of Civil Procedure, plaintiffs are required to answer each interrogatory "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1).  Similarly, under Rule 34, plaintiffs must "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated" and "inspection permitted for the remaining parts." Fed. R. Civ. P. 34(b).  Failing to respond as required may have several consequences.  First, if the requesting party has to resort to filing a motion to compel in order to obtain the requested information, the

responding party may be ordered to reimburse the moving party for the expenses incurred in

bringing the motion to compel, including reasonable attorney's fees. Fed. R. Civ. P. 37(a)(4)(A).

Failure to respond could also result in more severe sanctions, such as an order deeming certain

facts as established against the responding party, prohibiting the responding party from

introducing evidence of particular claims, striking sections of the responding party's pleadings,

or even entering judgment by default against the responding party. Fed. R. Civ. P. 37(d).

### B.    Plaintiffs' Discovery Responses

The following chart provides each of defendants' interrogatories, plaintiffs' initial

answers to those interrogatories, and plaintiffs' revised answers.[2]

| Number | Interrogatory | Initial Answer | Revised Answer |
|---|---|---|---|
| 1 | Identify persons with knowledge relevant to allegations relating to plaintiffs' 2003 farm operating loan application.  State the facts of which each such person has information or knowledge. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony."  Names four persons.  States: "Will supplement." | "Plaintiff objects on the basis that said request is overly broad and vague." Names certain persons but does not provide the facts of which those persons have knowledge. |

_____

[2] The information in this chart was obtained from Exhibits 1, 7 and 18 to <u>Defendants' Memorandum in Support of Their Motion to Compel</u>.

| 2 | State factual bases for contention that defendant violated the ECOA by denying 2003 farm operating loan application on basis of race and indicate date of each discriminatory incident and the discriminatory act performed by USDA employee claimed to be racially motivated. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony." Repeats the allegations in the complaint. States: "Will supplement." | "Plaintiff objects on the basis that said request is overly broad and vague." Repeats the allegations of the complaint. States: "See Original and Amended Complaint." |
|---|---|---|---|
| 3 | State whether plaintiffs contend that the *handling* of their 2003 loan application is an ECOA claim distinct from the *denial* of their 2003 farm operating loan.  If so, state factual bases for that contention and identify discriminatory acts. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony." States: "Yes. See answer to Interrogatory Number 2." | "Yes. See answer to Interrogatory Number 2." |
| 4 | State whether plaintiffs contend that USDA violated the ECOA in handling of administrative complaint and state factual bases for that contention. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony."  States: "Yes. See answer to Interrogatory Number 2. FSA has all such documents in its file." | "Yes. See answer to Interrogatory Number 2. FSA has all such documents in its file." |
| 5 | Describe facts relating to 2003 farm operating loan application; state factual bases for contention that plaintiffs were told to reapply. | "Yes. See Original and Amended Complaint and answer to Interrogatory Number 2. FSA has all such documents in its file." | "Yes. See Original and Amended Complaint and answer to Interrogatory Number 2. FSA has all such documents in its file." |

| 6 | State whether plaintiffs contend that their application was complete and established eligibility, whether plaintiffs have previously filed incomplete applications, and whether plaintiffs have discussed such applications with USDA. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony."  States: "Yes. Will supplement." | "Yes. See Original and Amended Complaint as well as Office of Civil Rights Complaint file." |
|---|---|---|---|
| 7 | State bases for contention that "rather than being permitted to amend this error" application was denied and state whether plaintiffs contend that they were entitled to or should have been permitted to amend the error. | "Objection, relevance. Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony."  States: "Will Supplement." | "Yes. See Original and Amended Complaint and Office of Civil Rights file." |
| 8 | State name of every similarly situated white farmer whose application for a farm operating loan was treated more favorably than plaintiffs' application. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony."  Provides two names and states: "All white farmers in Nolan County who use FSA services. FSA maintains all such files." | Provides two names and states: "All white farmers in Nolan County who use FSA services. FSA maintains all such files." |
| 9 | State whether plaintiffs administratively appealed the denial of their 2003 farm operating loan application. | "No appeal was made." | "No appeal was made."[3] |

---

[3] Defendants are not moving to compel any further response to Interrogatory No. 9. Defs. Mem. at 2.

| 10 | Identify each injury for which plaintiffs seek damages and the injuries underlying their contention of injury to business relations, credit reputation, and standing in the community. Specify dollar amount for each such injury. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony. Loss of all farm income. Will supplement with details." | "Loss of all farm income for 2003 through present." |
|---|---|---|---|
| 11 | Describe financial status since denial of 2003 farm operating loan application. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony."  States: " Will supplement." | "None." |
| 12 | Describe treatment sought or obtained from any health care provider as a result of USDA's alleged violation of ECOA with respect to plaintiffs' 2003 farm operating loan application. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony. Dr. Wayne Hinson. See Production for Complete Report." | "Dr. Waymon Hinson. See production for complete report." |
| 13 | Identify witnesses. | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony. Will supplement." | "Will supplement." |

| 14 | State bases for allegation that "by law, all [farm operating] loans are extended to first time and socially disadvantaged farmers, including black farmers . . . ." | "Plaintiff objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through use of deposition testimony.  See 7 CFR." | "See 7 CFR." |
| 15 | Identify documents relied upon in responding to interrogatories or otherwise related to plaintiffs allegations or damages claims with respect to their 2003 farm operating loan application. | "Will supplement." | "In responding to the Defendant's interrogatories, the Plaintiff's file was used." |
| 16 | Identify persons contacted or involved in responding to interrogatories or solicited for information in support of lawsuit or who investigated any aspect of it. | "None." | "None." |

The following chart provides each of defendants' requests for production of documents, plaintiffs' initial responses to those requests, and plaintiffs' revised responses.[4]

| Number | Request | Initial Response | Revised Response |
|--------|---------|------------------|------------------|
| 1 | Documents used to answer interrogatories. | "None." | "Documents used to answer interrogatories are work product and protected as privileged." |

---

[4] The information in this chart was obtained from Exhibits 2, 8 and 19 to Defendants' Memorandum in Support of Their Motion to Compel.

| 2 | Documents that refer to the denial, handling, and processing of plaintiffs' 2003 farm loan application. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony. Without waiving object [sic], all such documents are in the possession of the USDA/FSA." | See affidavits of plaintiffs; "Plaintiff previously produced all other documents and Defendant has possession of all other documents through the Office of Civil Rights." |
|---|---|---|---|
| 3 | Written complaints of discrimination submitted to USDA concerning 2003 farm operating loan application. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony. All such documents are in the possession of the USDA Office of Civil Rights." | See affidavits of plaintiffs. |
| 4 | Documents that refer to handling or processing of any complaints of discrimination made by plaintiffs regarding their 2003 loan application. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony.  See Response to # 3." | See affidavits of plaintiffs. |
| 5 | Documents pertaining to damages. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony. Will supplement." | "See psychological evaluation by Dr. Waymon R. Hinson, Ph.D." |

| 6 | Documents pertaining to treatment received. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony. Without waiving objection, the Report of Dr. Waymon Hinson is produced." | "Plaintiff objects to this request on the basis that said request is overly broad and burdensome. Without waiving the objection, plaintiff encloses the Psychological Evaluation by Dr. Waymon Hinson, Ph.D." |
|---|---|---|---|
| 7 | Documents that describe any physical or emotional disorder plaintiffs suffered with respect to ECOA claim relating to 2003 farm operating loan application. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony. Will supplement." | "Plaintiff objects to this request on the basis that said request is overly broad and burdensome. Without waiving the objection, plaintiff encloses the Psychological Evaluation by Dr. Waymon Hinson, Ph.D." |
| 8 | Income tax returns for 2003 and 2004. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony. Will supplement." | blank |
| 9 | Documents that relate to plaintiffs' financial status since the denial of their 2003 farm operating loan application. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony. Will supplement." | "Plaintiff objects to this request on the basis that said request is overly broad and burdensome." |

| 10 | Documents that refer or relate to monetary relief plaintiffs seek with respect to their ECOA claim(s) regarding the 2003 farm operating loan application. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony. Will supplement." | blank |
|---|---|---|---|
| 11 | Documents that relate to claim for injunctive relief. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony." | blank |
| 12 | Documents that refer or relate to similarly situated white farmers whose applications or complaints were treated more favorably. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony.  All such documents are in the possession of USDA." | blank |
| 13 | Documents prepared or considered by an expert witness. | "Will supplement." | blank |
| 14 | Documents intended to be offered in support of ECOA claim(s). | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sough [sic]. In possession of USDA." | blank |

| 15 | Documents referenced in ¶¶ 1-11, 28-31, and 36-42 of the Complaint. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony." | "Plaintiff objects to this request on the basis that said request is overly broad and burdensome." |
|---|---|---|---|
| 16 | Documents that relate to plaintiffs' ECOA claim(s) regarding their 2003 loan application, the facts underlying those claims, and any other complaint or grievance that plaintiffs filed or considered filing about those claims. | "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony." | "Plaintiff objects to this request on the basis that said request is overly broad and burdensome." |
| 17 | *Curriculum vitae* of expert witnesses. | "Will supplement." | blank |

## C.      Plaintiffs' Answers to Defendants' Interrogatories Are Insufficient

Plaintiffs' "answers" to defendants' interrogatories are utterly deficient.

First, plaintiffs' answers provide defendants with little to no substantive information.  To illustrate, in response to Interrogatory No. 1, which asked plaintiffs to identify persons with relevant knowledge *and* to state the facts of which those persons have knowledge, plaintiffs did not provide any facts of which the persons they named have knowledge. See Interrogatory No. 1; Answer No. 1.[5]

As to Interrogatory Numbers 2 through 7, plaintiffs' answers refer defendants to their

---

[5] Throughout the remainder of this memorandum opinion, defendants' interrogatories will be cited to as "Interrogatory No. ___" and plaintiffs' answers and revised answers will be cited to as "Answer No. ___."

11

original and amended complaints, but there are only two paragraphs in plaintiffs' amended

complaint that provide any factual information about the denial of their 2003 loan application,

which is the only remaining claim in this lawsuit.  <u>See</u> Am. Compl. ¶¶ 28-29.  These two

paragraphs recount how plaintiffs applied for the loan, the information they received from the

USDA concerning why it denied the application as fraudulent, and the administrative complaint

that plaintiffs filed as a result of that denial.  <u>Id.</u>  Those allegations cannot possibly constitute

answers to the specific interrogatories posed.  Nor is it any answer, when asked for the support

for a *contention*, to refer defendants to a "file."  <u>See</u> Interrogatory Nos. 4, 6 and 7; Answer Nos. 4,

6 and 7.  Defendants asked for plaintiffs' legal or factual support for particular, well-defined

contentions.  Simply noting the existence of a file is obviously not a sufficient answer.  Nor is the

existence of a file an answer to an interrogatory asking for the facts pertaining to plaintiffs' loan

application. <u>See</u> Interrogatory No. 5; Answer No. 5.

    Other of plaintiffs' answers to defendants' interrogatories are so cavalier as to border on

the contumacious.  The word "none" cannot possibly be a legitimate answer to a request to

describe plaintiffs' financial status since 2003. <u>See</u> Interrogatory No. 11; Answer No. 11.  Are

plaintiffs suggesting that they had no financial status whatsoever?  Even being bankrupt is a

financial status.  It is equally cavalier, when asked to identify similarly situated white farmers

whose applications for farm operating loans were treated more favorably, to answer "all white

farmers in Nolan County who use FSA services." <u>See</u> Interrogatory No. 8; Answer No. 8.  First,

the only white farmers who could possibly be similarly situated are those who applied for loans –

not *all* white farmers who used any FSA services whatsoever.  Second, the only white farmers

who are similarly situated and were treated more favorably than plaintiffs are those who had their

loans approved; those who had their loans disapproved, like plaintiffs, were not treated any more favorably.

Providing a psychological report concerning plaintiffs' mental health is not responsive to an interrogatory asking whether plaintiffs received treatment from a health care provider. <u>See</u> Interrogatory No. 12; Answer No. 12.  Nor is saying that "plaintiff's file" was used responsive to a request for the identification of the specific documents used to respond to defendants' interrogatories. <u>See</u> Interrogatory No. 15; Answer No. 15.  Further, simply providing an incorrect reference to the Code of Federal Regulations ("7 CFR") does not answer a request to state the basis for the allegation that loans are extended to first time and socially disadvantaged farmers. <u>See</u> Interrogatory No. 14; Answer No. 14.

In addition to providing no substance, plaintiffs' objections to defendants' interrogatories are unfounded.  For example, plaintiffs' objection to many of the interrogatories as overly broad is frivolous.  As the chart illustrates, none of defendants' interrogatories are overly broad or vague.  Moreover, like every other judge, I will not even consider claims of burdensomeness without an affidavit specifying exactly why this is so. <u>See</u> <u>Caldwell v. Ctr. for Corr. Health and Policy Studies</u>, 228 F.R.D. 40, 44 (D.D.C. 2005).  None was submitted and it is absurd to describe interrogatories such as Interrogatory No. 2, which asks plaintiffs to state the factual bases for their contention that defendants violated the ECOA by denying their loan application on the basis of race, as being "overly broad."

Finally, plaintiffs have failed to comply with the fundamental requirements of form set forth in the Local and Federal Rules of Civil Procedure.  Plaintiffs' initial answers were not signed by either plaintiffs or counsel and plaintiffs' revised answers were not signed by counsel.

13

Further, plaintiffs' counsel appears to have attempted to supplement answers by simply e-mailing documents to defendants' counsel. <u>See</u> Defs. Mem., Exh. 14, 15.  For example, on March 5, 2006, plaintiffs' counsel sent two e-mails stating that he was forwarding information responsive to defendants' interrogatories. <u>Id.</u>  One of these e-mails contains forwarded text that appears to be a newspaper article about black farmers, but there is no indication as to which interrogatory this article may be responsive and, because it is an email, it is not signed by either counsel or plaintiffs. Defs. Mem., Exh. 14.  In the other e-mail counsel forwarded a document entitled "Robert and Laverne Williams Statement of Damages." Defs. Mem., Exh. 15.  Again, the e-mail contains no indication as to which interrogatory this statement was responsive and the statement of damages was not signed by either counsel or plaintiffs.  Under the local and federal rules, any supplementation of plaintiffs' interrogatory answers must quote the interrogatory to which the answer is responsive and be signed under oath by both the responding party and, if objections are made, by the objecting attorney. <u>See</u> Fed. R. Civ. P. 33(b)(2); LcvR 26.2(d).  Simply attaching unexplained documents to e-mails does not comport with these requirements and, therefore, does not constitute a supplemental interrogatory answer.

> **D.** **Plaintiffs' Responses to Defendants' Requests for Production of Documents are Insufficient**

Plaintiffs' responses to defendants' document requests are similarly deficient.  With two exceptions, plaintiffs objected to defendants' document requests with the following phrase: "Plaintiff further objects on the basis that said request is overly broad and seeks information of a descriptive nature that is more appropriately sought through the use of deposition testimony."

Responses 2-12, 14.[6]  This objection is frivolous; that a witness can speak to a certain topic does not relieve a party from producing documents that pertain to that topic.  Information can be communicated in many ways.  That it can be conveyed in one way hardly makes all of the production of other ways of communicating it unnecessary.

Plaintiffs objection to Request No. 1, which seeks all documents relied on in answering defendants' interrogatories, on the ground that the "[d]ocuments used to answer interrogatories are work product and protected as privileged" is equally frivolous. See Request No. 1; Response No. 1.  First, documents used to answer interrogatories are not in themselves privileged.  Only documents prepared in anticipation of litigation by a party or a party's representative are protected by the work product privilege. Fed. R. Civ. P. 26(b)(3).  A document that does not meet this qualification, although *used* to answer the interrogatories, is not *ipso facto* privileged.  Furthermore, to the extent that plaintiffs are asserting privilege, they must produce a privilege log that meets the demanding requirements of Rule 26(b)(5) and identifies each document withheld from production under a claim of privilege.  Plaintiffs, of course, have not done so.

Plaintiffs' other objections are also frivolous.  As the chart illustrates, none of the defendants' requests to produce documents are overly broad or vague.  Moreover, as I have explained, I will not even consider claims of burdensomeness without an affidavit specifying exactly why this is so. See Caldwell, 228 F.R.D. at 44.  None was submitted and it is absurd to describe document requests asking plaintiffs to provide copies of their complaints of discrimination, see Request No. 3, or their income tax returns for two years, see Request No. 8,

_____

[6] Throughout the remainder of this memorandum opinion, defendants' document requests will be cited to as "Request No. ___" and plaintiffs' answers and revised answers will be cited to as "Response No. ___."

as being "overly broad."

### E.     The Mootness of the Controversy

In response to defendants' twenty-two page motion to compel, plaintiffs filed a three page opposition asserting that defendants' motion is moot because Judge Kollar-Kotelly extended the discovery deadline by nine weeks. Plaintiffs' Response to Defendant's Motion to Compel. As evidenced by the proceeding discussion of the deficiencies in plaintiffs' discovery responses, defendants' motion is clearly not moot. More than an extension of time is necessary to cure these deficiencies. Moreover, although the discovery period has been extended to September 20, 2006, plaintiffs do not have until that date to properly and adequately respond. To the contrary, plaintiffs' responses were due on February 16, 2006 and are now two months overdue. These responses are just the beginning of discovery, and defendants are entitled to have answers to their interrogatories and the necessary documents in order to thoroughly conduct subsequent discovery, such as designating expert witnesses and taking depositions.

## III.   SANCTIONS

Under Rule 37(a)(4), when a motion to compel is granted, "the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or *attorney advising such conduct* or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(4)(A) (emphasis added). As demonstrated by the proceeding discussion, defendants' motion to compel was the direct result of plaintiffs' counsel's total disregard of his obligations under the Local and Federal Rules of Civil Procedure. Accordingly, plaintiffs' counsel has ten days from the date of this memorandum opinion to file a brief showing cause why he should not be ordered to pay the

16

expenses, including reasonable attorneys' fees, incurred by defendants in bringing this motion to compel.

IV.   **CONCLUSION**

For the forgoing reasons, defendants' motion to compel will be granted.  Plaintiffs are instructed to provide complete answers to defendants' interrogatories and complete responses to defendants' requests for production of documents within ten days from the date of this memorandum opinion.

 

 

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: