UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT WILLIAMS, *et al.*,

    Plaintiffs,

    v.

MIKE JOHANNS, *et al.*,

    Defendants.

Civil Action No. 03-2245 (CKK)

**MEMORANDUM OPINION**
(June 7, 2007)

Presently before the Court are [117] "Plaintiffs' Emergency Motion to Stay Entire Case Pending Resolution of Court of Federal Claims Jurisdictional Issue on Breach of Contract Claim and/or Extend Discovery and Request for Expedited Ruling," filed on June 5, 2007, and Plaintiffs' [118] "Motion to Reinstate and/or Reconsider Dismissal of Contract and Constitutional Claims Against Individual Defendants, or in the Alternative, Leave to file Third Amended Complaint to Include Such Claims and Request for Expedited Ruling," filed on June 6, 2007. Because neither Motion contains viable legal grounds for the relief requested, the Court shall DENY both Motions without requiring any response from the Government.

Plaintiffs' Amended Complaint in the instant case included claims pursuant to the Equal Credit Opportunity Act ("ECOA") and the Fifth Amendment related to the settlement of a 2002 discrimination claim by Plaintiffs and the denial of Plaintiffs' 2003 application for a farm loan from the United States Department of Agriculture ("USDA"). On April 30, 2004, Defendants filed a Motion to Dismiss, which the Court granted on July 5, 2005, thereby dismissing Plaintiffs' Fifth Amendment, ECOA, and any breach of contract claims related to the 2002

settlement and Plaintiffs' Fifth Amendment claim related to the 2003 loan application. Plaintiffs thereafter filed a "Motion to Reinstate and Transfer Contract Claim to the US Court of Claims and for Reconsideration of Dismissal of Constitution [sic] Claim Against Individual Defendants," which the Court denied on October 24, 2005. While the Court dismissed Plaintiffs' Fifth Amendment, ECOA, and any breach of contract claims related to the 2002 settlement and Plaintiffs' Fifth Amendment claim related to the 2003 loan application via its July 5, 2005 Order and Memorandum Opinion, the Court never issued a final judgment in the instant case because (1) Plaintiffs' ECOA claim related to Plaintiffs' 2003 farm loan application is still a live claim, and (2) Plaintiffs never moved the Court pursuant to Federal Rule of Civil Procedure 54 to enter final judgment as to Plaintiffs' dismissed claims. *See* Fed. R. Civ. P. 54(b) ("When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay *and upon an express direction for the entry of judgment*. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.") (emphasis added).

In Plaintiffs' pending Motions, Plaintiffs note that Plaintiffs filed contract claims related to the 2002 settlement in the United States Court of Federal Claims, and that the court in that case is presently considering (and requiring briefing) on the question of whether that court has jurisdiction over Plaintiffs' claims. Pls.' [117] Mot. at 2, 4 n.6; Pls.' [118] Mot. at 2, 3, 4 n.4.

The sole basis for Plaintiffs' requested stay and for the reinstatement of Plaintiffs' contract and constitutional claims in the case before this Court (or permitting Plaintiffs to file a Third Amended Complaint) is the fact that the Court of Federal Claims is considering this jurisdictional question.  The instant Court has already determined that it does not have jurisdiction over any contract claims related to the 2002 settlement agreement, [29] Mem. Op. at 10, and does not view the Court of Federal Claims' separate assessment of its own jurisdiction as affecting this Court's prior consideration and dismissal of similar claims.  In fact, Plaintiffs offer no legal grounds for their request to stay this case or any legal basis for reinstating claims this Court already dismissed (and revisited upon denying Plaintiffs' prior motion to reconsider).  Plaintiffs' arguments do not relate to whether this Court has jurisdiction over Plaintiffs' claims.  Furthermore, any request by Plaintiffs for relief pursuant to Rule 60(b), see [118] at 5, is not applicable, as there has been no "final judgment, order, or proceeding" in this case.  *See* Fed. R. Civ. P. 60(b).

      Accordingly, this Court shall DENY [117] "Plaintiffs' Emergency Motion to Stay Entire Case Pending Resolution of Court of Federal Claims Jurisdictional Issue on Breach of Contract Claim and/or Extend Discovery and Request for Expedited Ruling," and DENY Plaintiffs' [118] "Motion to Reinstate and/or Reconsider Dismissal of Contract and Constitutional Claims Against Individual Defendants, or in the Alternative, Leave to file Third Amended Complaint to Include Such Claims and Request for Expedited Ruling."  An Order accompanies this Memorandum Opinion.

Date:   June 7, 2007

                                                                                /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge