UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBERT WILLIAMS,** *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 03-2245 (CKK/JMF) |
| **MIKE JOHANNS,** *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This case was referred to me for all discovery disputes. Plaintiffs have recently filed several motions for consideration, including (1) <u>Plaintiffs' Motion for Reconsideration of Imposition of Sanctions Against Plaintiffs and Counsel for Failure to Respond to Discovery</u>; (2) <u>Plaintiffs' Amended Motion for Reconsideration of Imposition of Sanctions Against Plaintiffs and Counsel for Failure to Respond to Discovery</u> ("Pls. Amend. Recon."); (3) <u>Plaintiffs' Motion for Leave to File Witness List and Respectful Request for Expedited Ruling</u> ("Pls. Mot. Wit."); and (4) <u>Plaintiffs' Amended Motion for Leave to File Witness List and Respectful Request for Expedited Ruling</u> ("Pls. Amend. Wit."). For the reasons stated below, the requests for expedited rulings will be granted; the initial motion for reconsideration of sanctions will be denied as moot in light of the amended motion for reconsideration of the same, and the amended motion for reconsideration and the requests to file witness lists will be denied. The Court will also order the Clerk to send a copy of this Memorandum Opinion and accompanying Order directly to Plaintiffs Laverne and Robert Williams to ensure they understand that the

sanctions imposed are due entirely to the conduct of their counsel and do not result from any judgment on the merits of their case.

## I.     BACKGROUND

The motions before me are the culmination of a unique and incredible discovery process. To understand them, and what happened during discovery, one has to put them in the context of this case's history. I have provided that history in an Appendix to this opinion. See Appendix ("App."). That history establishes that:

1. Plaintiffs' counsel is unaware of the most fundamental principles of the Federal Rules of Civil Procedure pertaining to (1) the timeliness of an answer to a complaint while a motion to dismiss is pending; (2) the response time for discovery requests; and (3) counsel's obligation to certify discovery responses. App. ¶¶ 4-5, 12, 15, 25, 29-30, 52, 54.
2. Plaintiffs' counsel failed to provide reasons to support his motions for additional time to perform certain acts after having been ordered to do so by the court. He also failed to provide proper case citations, references to the federal rules on which he relied, and relevant legal standards. App. ¶¶ 2, 5, 9, 14, 55.
3. Plaintiffs' counsel violated the confidentiality of settlement discussions. App. ¶ 24.
4. Plaintiffs' counsel failed to follow court directives to refile pleadings that had been filed incorrectly and correctly filed the pleadings only after the deadline for filing had elapsed. App. ¶¶ 32-33.
5. Plaintiffs' counsel failed to cooperate with opposing counsel in scheduling times and locations for depositions and independent medical examinations. Plaintiffs' counsel's repeated failure to respond to opposing counsel's inquiries for scheduling such times and locations resulted in unnecessary delays and motions to quash and required intervention by this Court. App. ¶¶ 27-29, 31, 33-34, 43.
6. Plaintiffs' counsel failed, on multiple occasions, to respond to Defendants' discovery according to federal and local rules, then, on at least two separate occasions, by court-imposed deadlines, as well as at least two self-imposed deadlines. Plaintiffs' counsel likewise repeatedly failed to move to extend the time within which he had to respond prior to the passing of the relevant deadlines. App. ¶¶ 15, 20, 26, 29-30, 36, 38, 40, 43, 49, 54.
7. Plaintiffs' counsel failed to comply with a court order to consult with government counsel to submit a joint discovery plan before a date specified by the Court. App. ¶¶ 38-39.

8. Plaintiff's counsel failed to prepare to propound discovery of any kind whatsoever on the Defendants until at least March of 2007.[1] App. ¶¶ 49-50.
9. Plaintiffs' counsel failed to pursue depositions of certain high-level officials according to proper procedure and regulations, and he tried to circumvent the process by which such depositions are taken. App. ¶¶ 54, 56-57.

Nonetheless, Plaintiffs' counsel has asked the Court to reconsider sanctions imposed for repeatedly and blatantly violating court orders, even as he continued to violate the very court orders he wants reconsidered. The Court will entertain none of it.

## II.  ANALYSIS

### A.  The Amended Motion for Reconsideration

<u>Plaintiffs' Amended Motion for Reconsideration of Imposition of Sanctions Against Plaintiffs and Counsel for Failure to Respond to Discovery</u> asks the Court to strike the sanctions imposed by the Court's order of December 28, 2006. Pls. Amend. Recon. at 5.  As explained in the Appendix at Paragraph 38 and in the order itself, the Court sanctioned Plaintiffs' counsel because Plaintiffs' supplemental answers to interrogatories "remain[ed] utterly deficient and, more egregiously, directly violate[d] the orders of the Court." <u>Williams v. Johanns</u>, Civ. No. 03-2245, 2006 WL 3826967 at *3 (D.D.C. Dec. 28, 2006).  In addition to failing to provide adequate supplemental answers and production of documents as ordered by invoking (a) the useless answer "will supplement" to certain interrogatories, (b) a mistaken and equally useless reference to the Code of Federal Regulations, and (c) meaningless references to an unspecified "file," Plaintiffs' counsel blatantly "supplemented" many answers to interrogatories with the

---

[1] Following the lift of the Court's stay on discovery on April 24, 2007, Plaintiffs actually propounded discovery on Defendants on May 1, 2007.

3

very responses that the Court found insufficient in its first order compelling discovery. See id. at *3-*5.

In support of the motion to reconsider, Plaintiffs' counsel points to the telephone conference of February 7, 2007, in which Mrs. Williams apologized to the Court for the delay in the case due to her illnesses. Pls. Amend. Recon. at 1. Relying on his recollection of the phone call to the Court, Plaintiffs' counsel portrays Mrs. Williams as praising him for "trying to get this case moving" and saying that "I have just been unable to participate because of my illness." Id. at 1-2.

First, Mrs. Williams actually said the following:

> I'd just like to apologize to the Court for—because it seems that the reason things are not moving as swiftly as they did is because of me, and I'd like to apologize to the Court but, you know, I have—I am a sick lady. . . . And [Plaintiffs' counsel] has tried to, I mean, that's the reason I went to my doctor is because he told me that we need to move this thing as quickly as possible, but I have just not been able.

Transcript of Telephone Status Conference, 2/7/07, at 12-13.

Second, Mrs. Williams owes this Court no apology, nor is the "reason things are not moving as swiftly" due to Mrs. Williams. Her illness did not cause her counsel to abandon his obligations or his ability to proceed in some significant fashion with this case, information about which he must have had at the time the Complaint was filed. The responsibility falls on Mrs. Williams's attorney, not Mrs. Williams, to communicate with the Court and opposing counsel **within the designated time frame** regarding any necessary extensions of time required to accommodate her illness. See Fed. R. Civ. P. 6. It is Mrs. Williams's attorney, not Mrs. Williams, who failed to make these efforts before deadlines expired on multiple occasions.

Third, Plaintiffs' counsel was sanctioned for violating a court order by repeating the very answers that the Court had found deficient in its prior order. See Williams, Civ. No. 03-2245, 2006 WL 3826967 at *5-*7; Williams v. Johanns, 235 F.R.D 116, 122-24 (D.D.C. 2006).  Doing that, and repeating meaningless references to a section of the Code of Federal Regulations and a "file," and stating "will supplement" and pretending that it was an answer, were counsel's failings alone and had nothing to do with Mrs. Williams or her illness. See Williams, Civ. No. 03-2245, 2006 WL 3826967 at *2.  Plaintiffs' counsel's relying on that poor woman's illness to excuse his deficiencies is graceless and inexcusable.

Fourth, nothing presented to the Court suggests Mrs. Williams was completely incapacitated and incapable of talking to her attorney about her case.  Testimony from her physician and statements from her psychologist only indicated that it was difficult for Mrs. Williams to travel. See App. ¶ 46.  Despite Plaintiffs' counsel's repeated mischaracterizations and assertions to the contrary, there is nothing in her doctor's testimony or elsewhere on this record to indicate that Mrs. Williams was so ill that she could not talk and could not provide her counsel with the fundamental information he needed to respond to discovery propounded by Defendants.  Plaintiffs' counsel should have had, at the time of filing the Complaint, adequate information to pursue responding to and propounding discovery in this case, or, if not, to seek whatever extensions of time his client's illness caused in responding to that discovery **prior** to the deadline for doing so.  The responsibility fell on Plaintiffs' counsel and Plaintiffs' counsel alone to pursue resolution of Mr. and Mrs. Williams's claims in compliance with court orders, the federal

rules, and our local rules.  He repeatedly failed to do so.  Therefore, his request to reconsider the sanctions imposed as a result of his actions is denied.

### B. The Motions for Leave to File Witness Lists

Plaintiffs also seek to file a witness list, an amended witness list, and request an expedited ruling. Pls. Amend. Wit. at 1; Pls. Mot. Wit. at 1.  As described in detail above and in prior opinions, Plaintiffs failed to adequately respond to Defendants' interrogatory regarding potential lay and expert witnesses—and at least twice the failure was in direct violation of court orders.  On April 27, 2006, when discovery responses were already two months overdue, the Court ordered Plaintiffs to supplement their response of "will supplement" to the interrogatory on witnesses within ten days. Williams, 235 F.R.D at 125.  They did not do so.  Instead, Plaintiffs provided Defendants with the precise response the Court held insufficient in its previous order.  Despite the violation, the Court provided another opportunity for Plaintiffs to comply without penalty when, on December 28, 2006, the Court ordered Plaintiffs to "provide a list of all potential lay and expert witnesses known at this point in the case **within ten days of this memorandum opinion or forego the introduction of witnesses at trial**." Williams, Civ. No. 03-2245, 2006 WL 3826967 at *6 (emphasis added).  Plaintiffs again failed to do so.  The result, as clearly stated in the Court's order, is the foregoing of the introduction of witnesses at trial.  Without any explanation in their motion for leave to file witness lists for the failure to comply, and without even an acknowledgment of the Court's prior orders, Plaintiffs' counsel now seeks to introduce witnesses anyway.

Moreover, despite Plaintiffs' failure to provide any names of potential witnesses to Defendants in defiance of this Court's orders, Plaintiffs incredulously now argue the

Defendants had "actual notice" of at least some of these witnesses due to the record in this case. Pls. Amed. Wit. at 6; Pls. Mot. Wit. at 4.  If Defendants had "actual notice" of certain potential witnesses due to responses to interrogatories provided by Plaintiffs, then surely Plaintiffs themselves were aware of the potential witnesses and had the obligation to provide that information to Defendants prior to the deadline for responding to interrogatories—and again in accordance with court orders.  That Defendants *might* suspect that certain people *might* be Plaintiffs' witnesses does not excuse Plaintiffs' direct violation of the orders of the Court to provide those names to the Defendants, first within ten days of the Court's April 27, 2006 Order, and then within ten days of the Court's December 28, 2006 Order.

Plaintiffs appear to rely on language in the joint proposed scheduling order that, "[i]f the Court nonetheless allows Plaintiffs to introduce the testimony of any additional expert or lay witness at trial, Defendant shall have the right to depose that witness," as an argument that Defendants are prepared to depose any witness the Plaintiffs may now designate. Pls. Amend. Wit. at 6; Pls. Mot. Wit. at 4.  Defendants' preparedness to defend its case and take depositions of witnesses that the Court might allow Plaintiffs to call, despite Defendants' objections, is no excuse for Plaintiffs' constant defiance of court orders to name their witnesses.  It provides no basis whatsoever for the Court to reconsider its prior sanction for Plaintiffs' refusal to comply with the rules of the Court on multiple occasions.  The Court could not have been clearer that failing to comply with Court orders *a second time* (even after several additional failures to adhere to deadlines imposed by procedural rules) would result in Plaintiffs' foregoing the presentation of witnesses at trial.  Plaintiffs give no reason in their motions to file witness lists for the

7

flagrant violations, and in fact fail to so much as acknowledge the violations in the first place. The Court finds no basis on which to grant Plaintiffs' leave to present a witness list. Plaintiffs' motions are therefore denied.

### III.    CONCLUSION

Plaintiffs' counsel has openly and repeatedly violated specific directives of this Court, multiple Federal Rules of Civil Procedure, and local rules, yet asks the Court to reconsider an order that he consistently violated and continued to violate—even at the time he asked for reconsideration of the sanctions imposed as a result of his violations. His motion for reconsideration is denied, and his motions for leave to file witness lists are granted insofar as they seek an expedited ruling but are otherwise denied. The Court's stay of the enforcement of its order of December 28, 2006, is hereby lifted, and Plaintiffs' counsel (not Plaintiffs themselves) is ordered to pay Defendants the cost of bringing their first motion to compel in the amount of $2,186.54 and the cost of bringing their second motion to compel in the amount of $1,923.25, or a total of $4,109.79, no later than August 10, 2007.

Parties are also ordered, in light of this Memorandum Opinion denying Plaintiffs' request for relief from imposed sanctions, to file a joint status report on the remaining issues for the Court to address in <u>Plaintiffs' Motion to Compel Answers to Interrogatories and for Sanctions and Request for Expedited Ruling</u>. The joint status report is due no later than August 3, 2007.

The Court also orders the Clerk to issue a copy of this Memorandum Opinion with the accompanying Order directly to Plaintiffs Mr. and Mrs. Williams.

An Order accompanies this Memorandum Opinion.

        _____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:   July 26, 2007