## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
                             )

**ROBERT WILLIAMS, *et al.*,**    )
                             )

         **Plaintiffs,**       )
                             )

         **v.**               )     **Civil Action No. 03-2245 (CKK/JMF)**
                             )

**MIKE JOHANNS, *et al.*,**       )
                             )

         **Defendants.**      )
———————————————————————)

### MEMORANDUM OPINION

This case was referred to me for all discovery disputes. Plaintiffs bring claims against the United States, the Secretary of the United States Department of Agriculture ("USDA"), the USDA's Deputy Assistant Secretary for Civil Rights, and the USDA's Deputy Director of the Office of Civil Rights for denial of due process and equal protection in violation of the Fifth Amendment, and denial of Plaintiffs' USDA loan application based on their race in violation of the Equal Credit Opportunity Act of 1972 ("ECOA"), 15 U.S.C. § 1691 *et seq.*[1] Currently before me is <u>Plaintiffs' Motion to Compel Answers to Interrogatories and for Sanctions and Request for Expedited Ruling</u> [#131] ("Pls. Mot."). In it, Plaintiffs seek supplementation of Defendant's answers to Interrogatories 4, 5, 8, and 10. The motion shall be granted in part and denied in part.

## I.     BACKGROUND

The discovery in this case has a unique and difficult history that I detailed in a prior opinion. See <u>Williams v. Johanns</u>, ___ F. Supp. 2d ___, Civ. A. No. 03-2245, 2007

---

[1] All citations to the United States Code are to the electronic versions available in Westlaw or Lexis.

WL 2172800, at *1-*2 (D.D.C. July 26, 2007).[2]  Plaintiffs have been sanctioned by this Court in limiting the evidence they may present at trial. Williams v. Johanns, Civ. A. No. 03-2245, 2006 WL 3826967, at *5-*7 (D.D.C. Dec. 28, 2006).  Specifically, the Court (1) limited production of evidence regarding similarly situated white farmers; (2) limited production of evidence regarding medical treatment of Plaintiffs; (3) prohibited Plaintiffs from introducing any additional evidence regarding the legal contention in the Amended Complaint that, by law, "all such [Farm Service Agency] loans are extended to first time and socially disadvantaged farmers"; (4) limited production of evidence relating to damages; and, (5) following extended opportunities to provide witness lists that Plaintiffs did not utilize, required Plaintiffs to forego the introduction of witnesses at trial. Id. Plaintiffs moved for reconsideration of the sanctions, and, as Plaintiffs were still in violation of court orders at the time they requested reconsideration of sanctions issued for those violations, the Court denied the request. Williams, 2007 WL 2172800, at *2-*3. Plaintiffs have indicated their intention to file objections to the Court's ruling and have until September 28, 2007, to do so. See Williams v. Johanns, Civ. A. No. 03-2245, 2007 WL 2376668, at *1 (D.D.C. Aug. 16, 2007).

Plaintiffs now contend that the government failed to adequately respond to four interrogatories.  The government counters that it "provided full and complete responses to the interrogatories in question." Defendant's Opposition to Plaintiffs' Motion to Compel Answers to Interrogatories and for Sanctions [#137] ("Defs. Opp.") at 2.  An examination of each interrogatory and its response requires finding for Plaintiffs on nearly each request, with limitations.

---

[2] The Appendix to the opinion is located at Williams v. Johanns, Civ. A. No. 03-2245, 2007 WL 2428313 (D.D.C. July 26, 2007).

## II.   INTERROGATORY 4

Interrogatory 4 requests that Defendant provide the following:

> Please identify by loan number, race and county all State of Texas
> farm loan applications, whether said loans were approved or
> disapproved, submitted by farm loan applicants to Defendant from
> the years 1998 to present.  (Names may be redacted to comport
> with the Privacy Act.)  Please include in your answer: (a) the dates
> of said loan applications; (b) the dates said applications were
> approved or disapproved; (c) if approved, the dates proceeds of
> such loans were distributed.

Pls. Mot. at 5.  Defendant responded to the interrogatory by stating that the "comparator

farmers did not file applications for loan assistance in the relevant time period." Pls. Mot.

at 5.  Plaintiffs argue the response is insufficient in preventing Plaintiffs from showing

that "white farmers received better treatment than they in the loan application process."[3]

Id.  In response, the government contends that it has provided all of the information it is

obligated to provide "[b]ecause the Court limited the comparator farmers to Messr.

Richbird and Martin" pursuant to the order of December 28, 2006, imposing sanctions.

Defs. Opp. at 2.

Defendant is correct that the only evidence relating to comparator farmers

Plaintiffs are allowed to introduce *at trial* is that of the two names provided in

interrogatory responses by Plaintiffs.  The Court had found that Plaintiffs' initial

response, two names and "all white farmers in Nolan County who use FSA services,"

insufficient to the point of being "cavalier." Williams v. Johanns, 235 F.R.D. 116, 123

---

[3] Plaintiffs' counsel also states that he "believes that Defendants (sic) responses here is (sic) untruthful and
may subject the person signing the interrogatories, Mr. James Radintiz, and others to perjury." Pls. Mot. at
5.  Plaintiffs' counsel gives no indication of the basis of this belief or who else may be subject to perjury,
and so the Court does not address the allegation.

(D.D.C. 2006).[4]  Plaintiffs were ordered to supplement their response, yet when doing so they provided the exact same answer previously held insufficient. As a result, the Court limited Plaintiffs' production of comparator evidence at trial to the two names provided in their interrogatory responses as comparator farmers. Williams, 2006 WL 3826967, at *6.

Nonetheless, the Plaintiffs have the right to review the information requested for discovery purposes, especially as pertains to the denial of loans for other African Americans, for purposes of showing intent.  Though evidence of other "bad acts" is never admissible to establish propensity for similar behavior, evidence of other acts of discrimination similar to the discrimination charged may be admitted to show motive or intent, provided the relevance of the evidence outweighs its tendency to prejudice the opponent of the evidence unfairly, pursuant to Federal Rules of Evidence 403 and 404(b). See Miller v. Poretsky, 595 F.2d 780 (D.C. Cir. 1978); Allen v. Perry, 279 F. Supp. 2d 36, 46 (D.D.C. 2003); White v. United States Catholic Conf., Civ. A. No. 97-1253, 1998 WL 429842, at *5 (D.D.C. May 22, 1998).  Thus, further response to the interrogatory may yet yield admissible evidence to Plaintiffs beyond that relating to the two comparator farmers previously identified without offending Federal Rule of Civil Procedure 26(b)(1) because  it may disclose discriminatory treatment of African-American farmers upon which these Plaintiffs may rely to prove their case.

Any response to interrogatories must follow reasonable temporal and geographical limitations. See Glenn v. Williams, 209 F.R.D. 279, 282 (D.D.C. 2002);

---

[4] The Court explained: "First, the only white farmers who could possibly be similarly situated are those who applied for loans—not all white farmers who used any FSA services whatsoever.  Second, the only white farmers who are similarly situated and were treated more favorably than plaintiffs are those who had their loans approved; those who had their loans disapproved, like plaintiffs, were not treated any more favorably." Williams, 235 F.R.D. at 123.

White, 1998 WL 429842, at *4.  To establish similar motivation, discovery of other like

discriminatory acts must be related in time and place. See Johnson v. Washington Times,

208 F.R.D. 16, 19 (D.D.C. 2002).  Plaintiffs request ten years of documents to support a

showing of intent, which is an inordinate length of time to reasonably establish a pattern

of discrimination. See Glenn, 209 F.R.D. at 282 (limiting discovery of similar

discriminatory practices to a period of three years).  In its discretion, the Court shall limit

the response to a more reasonable time period of the preceding five years.

   Therefore, the Court therefore shall grant Plaintiffs' motion as to Interrogatory 4

as modified and order the government to respond to the interrogatory for time period

from September 1, 2002, until the present, and shall limit the response to farm

applications for residents of Plaintiffs' county, Nolan County, and each adjacent county,

rather than the entire state of Texas.[5]

## III. INTERROGATORY 5

   Interrogatory 5 requests the following:

> Please identify all loan applications of the Plaintiffs made to
> Defendant from 1998 to the present.

Pls. Mot. at 5.  Defendant identified two loans, both requested March 4, 2003, and

rejected May 1, 2003. Id.  Defendant argues the response is "entirely consistent with the

July 5, 2005 Order which limited plaintiffs' claims to 2003, and was encompassed by the

introduction to defendants' responses explaining their application of that order to these

responses." Defs. Opp. at 3.  As Defendant points out, and unlike the other interrogatories

at issue, Plaintiffs do not explain in their motion in any way why the given response is

---

[5] The Court has stayed imposition of the sanctions imposed on December 28, 2006, until resolution of any
filed objections. See Order [#146], 8/07/2007.  Because the Court grants Plaintiffs' request with
modifications only as to time and place, regardless of race of the applicant, the resolution of any objections
to the Court's imposition of sanctions is not necessary for purposes of resolving Plaintiffs' motion.

insufficient, nor do Plaintiffs respond to Defendant's opposition with a reply brief.  The

Plaintiffs simply state the interrogatory and the given response. Pls. Mot. at 5.  The Court

cannot therefore find any basis for granting Plaintiffs' motion as to this interrogatory, and

the request must be denied.

## IV.     INTERROGATORY 8

Interrogatory 8 requests the following:

> Within the past ten (10) years up to the present has Defendant been
> involved in any law suit claiming discrimination in violation of the
> Equal Credit Opportunity Act?  If yes, as to each lawsuit, state and
> describe: (a) the court and cause number of each such lawsuit; (b)
> the disposition, whether by trial, dismissal, settlement, or whether
> the case is still pending.

Pls. Mot. at 6.  Defendant responded to this interrogatory with only the present case as

the only lawsuit "in the period relevant to the issues in the complaint." Defs. Opp. at 3.

The Defendant also noted that "the Agency does not maintain records of complaints by

subject matter of the complaint (i.e., ECOA discrimination)." Id.  Plaintiffs argue the

response is insufficient for Plaintiffs' presentation of "Defendants' pattern, practice and

custom of discriminating against Black Farmers across the Country and in Sweetwater,

Texas." Id.

The government argues the response is appropriate in light of "the limited nature

of the remaining claims." Id. at 4.  Moreover, Defendant contends that Plaintiffs'

objection is meritless because Plaintiffs are not class-action litigants, and therefore the

"pattern-or-practice method of proof" is not available. Id.  In support of its position, the

government cites Murphy v. PriceWaterhouseCoopers, LLP, 357 F. Supp. 2d 230

(D.D.C. 2004), in which, when considering summary judgment, the court barred

plaintiffs from proving their discrimination claims under a "pattern and practice" theory. Id. at 247.

However, this case, now before the Court on a motion to compel, is in a very different posture dealing with discovery and not theories for dismissal. Defendant must consider that the court in Murphy went on to hold that, "notwithstanding the unavailability of a 'pattern and practice' theory, the plaintiffs may still use evidence of systematic or general discrimination in establishing their individual discrimination claims," and allowed the introduction of "statistical evidence demonstrating systematic or general discrimination as evidence collateral to evidence of individual discrimination." Id.

Plaintiffs in the present case are equally entitled to examine other individual claims for the purpose of evaluating systematic or general discrimination in the processing of ECOA loans. Furthermore, as noted above in relation to Interrogatory 4, Plaintiffs have the right to introduce certain evidence of other acts of discrimination similar to the discrimination charged pursuant to Federal Rule of Evidence 404(b) to establish motive or intent, provided the relevance of the evidence outweighs its tendency to prejudice the opponent of the evidence unfairly. That evidence can only be evaluated once produced by the government.

Also as explained in analysis of Interrogatory 4, the response to the interrogatory must comport with reasonable temporal and geographical limitations. See Glenn, 209 F.R.D. at 282; White, 1998 WL 429842, at *4. Thus, the Court, in its discretion, shall order the government to respond to Interrogatory 8 for the more reasonable time period of September 1, 2002, until the present. That the Agency does not maintain its files by

subject matter of complaint is of no matter; though responding to the interrogatory may

be more burdensome as a result of the Agency's organization system, in my view it is not

so burdensome as to outweigh the probative value of the response.  Plaintiffs' motion as

to Interrogatory 8 is therefore granted as modified.

## V.      INTERROGATORY 10

Interrogatory 10 requests the following:

> Within the past ten (10) years, through and including the date of
> your answers hereto, has the Defendant, the Farm Service Agency
> and the Office of Civil Rights received any farmer complaints
> against Defendant or its Farm Service Agency alleging
> discrimination in loan applications and/or loan servicing?  If so,
> please identify and describe: (a) the nature, substance, and
> description of each complaint; (b) the name, address, and
> telephone number of each complainant; (c) whether any such
> complaints were determined to be meritorious; and (d) the outcome
> of any such complaint.

Pls. Mot. at 6.  In response, the government provided information as to complaints only

of Robert and Laverne Williams and reiterated that the Agency does not maintain records

of complaints by the subject matter of the complaint. Pls. Mot. at 6.  Plaintiffs argue the

response is deficient and inhibits Plaintiffs' ability to show a "pattern, practice and

custom of discriminating against Black Farmers across the Country and in Sweetwater,

Texas, and an administrative office, the Office of Civil Rights' complicity (sic) in the

discrimination in violation of the ECOA." Pls. Mot. at 7.  Moreover, Plaintiffs assert, on

information and belief, that the Office of Civil Rights has dismissed thousands of black

farmer ECOA complaints, and that every complaint filed against the USDA with the

Office of Civil Rights is a complaint under the ECOA. Id.  Plaintiffs do not provide the

basis of this information and belief, though they do point to audits issued by the USDA

Office of Inspector General "deriding the Office of Civil Rights and the Farm Service

Agency for its handling of all such administrative complaints and discussing the impact against Black Farmers for the Agencies' failures."[6] Id.

The government opposes Plaintiffs' motion to compel additional response to Interrogatory 10 on largely the same grounds as its opposition to Interrogatory 8, namely, that the "pattern-and-practice method of proof" is not available for non-class-action litigants. Defs. Opp. at 5.  For the same reasons as noted above, the Court rejects Defendant's argument because Plaintiffs "may still use evidence of systematic or general discrimination in establishing their individual discrimination claims." See Murphy, 357 F. Supp. 2d at 247.  Once again, though responding to the interrogatory may be more burdensome as a result of the Agency's organization system, it is not so burdensome as to outweigh the probative value of the response

Defendant also complains that "any discrimination allegation relating to loan servicing would not be relevant to a lawsuit alleging a discriminatory loan denial." Defs. Opp. at 5.  The Court disagrees.  Plaintiffs allege discriminatory treatment throughout the loan application process, and at this point, the Court cannot readily assume that treatment during loan servicing in no way relates to a subsequent loan denial.  Though the evidence collected may not be admissible at trial on relevancy grounds or as a result of court-imposed sanctions for discovery abuses, the Court cannot conclude that the collection of complaints relating to loan servicing, even if not themselves admissible, is not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

---

[6] Plaintiffs' counsel again claims that he "believes that Defendants (sic) responses here is (sic) untruthful and may subject the person signing the interrogatories, Mr. James Radintiz, and others to perjury." Pls. Mot. at 7.  But Plaintiffs' counsel  again gives no indication of the basis of this belief or who else may be subject to perjury, and so the Court does not address the allegations.

The Court therefore grants Plaintiffs' motion as to Interrogatory 10 as modified, noting the same temporal and geographic limitations as before, and orders the government to supplement its response to the interrogatory with the requested information on complaints dating back five years to September 1, 2002.[7]

## VI.    PLAINTIFFS' ADDITIONAL REQUESTS

In addition to moving the Court to compel Defendant's discovery responses, Plaintiffs seek—as they have multiple times before and been denied—a general extension of the discovery deadline. Pls. Mot. at 1.  Defendant will be ordered to produce full and complete responses to Plaintiffs' interrogatories in accordance with this Memorandum Opinion even though the discovery deadline has passed.  Plaintiffs' concern that the Defendant cannot "adequately address these issues prior to the discovery deadline in this case," id. at 7, is irrelevant in light of the present order from the Court and certainly not a basis for re-opening discovery for all purposes.  Therefore, Plaintiffs' request to extend discovery is denied.

Finally, Plaintiffs' counsel seeks attorney costs and fees associated with the preparation of the motion at the rate of $475.00 per hour for seven hours. Id. at 8. Defendant is ordered to show cause in writing no later than September 17, 2007, why the government should not be ordered to pay fees and costs on Plaintiffs' motion to compel.

## VII.   CONCLUSION

Plaintiffs' Motion to Compel Answers to Interrogatories and for Sanctions and Request for Expedited Ruling is granted in part and denied in part.  Plaintiffs' request for an expedited ruling is granted and the request to extend the discovery deadline generally

---

[7]  The Court expects any response to comply with the Privacy Act and will sign any protective order necessary to ensure compliance.

is denied.  Defendant is ordered to supplement responses to Plaintiffs' interrogatories as described herein no later than October  4, 2007, and to the Court's order to show cause no later than September 17, 2007.

An Order accompanies this Memorandum Opinion.


_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE


Dated:   September 4, 2007