UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT WILLIAMS, *et al.*,

    Plaintiffs,

    v.

MIKE JOHANNS, *et al.*,

    Defendants.

Civil Action No. 03-2245 (CKK)

**MEMORANDUM OPINION**
(October 30, 2007)

Presently before the Court are two Motions filed by Plaintiff's counsel, Mr. James Myart, requesting a stay or a continuance of all proceedings in this case. Defendants strenuously oppose both Motions. After considering the Parties' submissions, the history of the case, and all publicly available information, the Court shall GRANT Plaintiff's [159] Motion for a 45-day stay and DENY Plaintiff's [169] Motion for a stay until December 20, 2007, for the reasons that follow.

I. BACKGROUND

This case has a long and tortured history that the Court shall not repeat in full. For present purposes, a description of the two Orders issued by Magistrate Judge John M. Facciola immediately preceding the filing of the instant motions provides the necessary context.[1]

The first Order was issued by Magistrate Judge Facciola on July 26, 2007. *See* [140] Order and [141] Memorandum Opinion dated July 26 (the "July 26 Order"). This Order denied Mr. Myart's request for reconsideration of sanctions that Magistrate Judge Facciola had imposed as a result of Mr. Myart's "openly and repeatedly violat[ing] specific directives of this Court."

---

[1] A more comprehensive history of this case is set forth in Magistrate Judge John M. Facciola's [141] Memorandum Opinion & Appendix dated July 26, 2007.

*Id.* at 8.  The Order also denied Mr. Myart's leave to file witness lists.  *Id*.  This Court directed the parties to file any objections to the July 28 Order no later than August 14, 2007.  *See* [144] Order dated August 6, 2007.  Mr. Myart filed a motion for a 30-day extension on August 11, 2007, and again on August 12, 2007.  *See* [147] Motion for Extension of Time to File objections dated August 11, 2007; [148] Amended Motion for Extension of Time to File objections dated August 12, 2007.  Mr. Myart argued, in part, that he had insufficient time to obtain transcripts of certain hearings held before Magistrate Judge Facciola.  *See* Amended Motion ¶ 19 ("Plaintiffs do not have all the transcripts for all the hearings in this matter.  They must order the transcripts and will do so on the next business day from the filing hereof").  On August 15, 2007, Mr. Myart filed a notice with the Court indicating that he had ordered transcripts to seven hearings held before Magistrate Judge Facciola.  *See* [149] Notice to the Court dated August 15, 2007 ¶ 1, 2 ("Counsel has ordered the transcripts of [seven hearings held] before the Honorable John Facciola" from the "Office Manager, Pro-Typist").  The notice further indicated that "Plaintiff's Counsel was informed that it would take 'thirty (30) days from the date that Pro-Typist received the CD before the transcripts would be delivered to counsel's office in San Antonio, Texas.'" *Id.* ¶ 3.

On August 16, 2007, this Court issued an Order granting Mr. Myart an extension.  *See* [151] Order dated August 16, 2007.  Although Mr. Myart had only requested a 30-day extension, the Court found that Mr. Myart's statement concerning a 30-day delivery time for the ordered transcripts implied that Mr. Myart's proposed order would not give him sufficient time to add any details from the ordered transcripts prior to the date his objections were due.  *Id.* at 5.  The Court also noted that Mr. Myart apparently waited until August 15, 2007, to order the transcripts

he deemed necessary to file objections when he knew the objections were to be filed by August 14, 2007.  *Id.*  Based on this timetable and Mr. Myart's statement that "'[t]his is the first and last request for time enlargement on the issues before the Court,'" *see* [148] Amended Motion for Extension of Time ¶ 27, the Court granted Mr. Myart an even longer extension than he requested, ordering objections to be filed by September 28, 2007.  *Id.* at 6.  The Court advised Mr. Myart that it would "not grant any further extensions of time to Plaintiffs to file their Objections or any motion to seal, particularly in light of this generous extension."  *Id.* at 7.

The second Order relevant to the instant Motions was issued by Magistrate Judge Facciola on September 4, 2007.  *See* [155] Order and [156] Memorandum Opinion dated September 4, 2007 (the "September 4 Order").  This Order granted in part and denied in part Plaintiffs' Motion to compel answers to interrogatories and for sanctions and denied Plaintiffs' request to extend the deadline for discovery.  *See* [156] Memo. Op. at 10.  Mr. Myart filed a motion to extend the time to file objections to the September 4 Order on the day objections were due, September 14, 2007.  *See* [157] Motion for Enlargement of Time dated September 14, 2007.  The basis for Mr. Myart's request was his busy trial calendar.  *Id.* ¶¶ 4-6 (Plaintiffs are in need of additional time to file said brief due to Counsel's trial schedule").  Mr. Myart also indicated that he was preparing pleadings for the objections to the July 26 Order, but "has not yet received the requested trial transcripts to prepare such pleadings."  *Id.* ¶ 7.  Notwithstanding the continued delays, this Court granted Mr. Myart's Motion and allowed him to file objections to the September 4 Order by October 14, 2007.  *See* Minute Order dated September 17, 2007.

The circumstances surrounding the July 26 Order and September 4 Order provide the context for Mr. Myart's subsequent filings.  On September 27, 2007, the day before Mr. Myart's

objections to the July 26 Order were due to be filed, Mr. Myart filed the instant [159] Motion for Continuance or in the Alternative Stay Pending Counsel's Release from Medical Care and Request for Expedited Ruling on September 27, 2007.  In this Motion, Mr. Myart reports that he has suffered a "major medical crisis," Pls.' Mot. ¶ 1, and attaches a note from his physician, Dr. Leo K. Edwards, Jr., ordering Mr. Myart "not to work at all for at least the next thirty (30) days." *Id.* Ex. A.  In support of his Motion, Mr. Myart references the now-longstanding issue of his failure to receive transcripts necessary for filing his objections.  *Id.* ¶ 14 ("[Counsel] has not yet received one single transcript of the Court's hearings in which to prepare his recusal motion or objections to the magistrate's orders . . .").  Based on these circumstances, Mr. Myart requests a "continuance of all matters pending before the Court for at least the (*sic*) forty (*sic*) (45) days or until Counsel notices the Court of his release from medical care."  Pls.' Mot. at 6.  Defendants filed an [161] Opposition to Mr. Myart's Motion on September 28, 2007.  Defendants argue that Mr. Myart has a history of "untruthfulness and deceit" and, in the absence of additional information concerning the status of his health, "circumstances clearly undermine any presumption of good faith that might otherwise attach to counsel's motion for continuance or stay."  Defs.' Opp'n to Pls.' Mot. at 4.

Before the Court issued a ruling on that Motion, Mr. Myart filed a [169] Second Motion for Continuance or in the Alternative Stay Pending Counsel's Release from Medical Care and Request for Expedited Ruling on October 24, 2007.  This Motion is based on Mr. Myart's physician having extended his "strict medical leave through November 30, 2007."  Pls.' Mot. ¶ 2. Mr. Myart requests until December 20, 2007, to file his objections.  *Id.* ¶ 3.  Defendants filed an [170] Opposition to Mr. Myart's second Motion on October 24, 2007, arguing that counsel "is

not so injured or ill as to be unable to litigate these cases."[2]  Defs.' Opp'n to Pls.' Mot. at 2.

## II. DISCUSSION

*A.   Availability of Transcripts*

Mr. Myart's instant Motions, like his previous requests for extensions, indicate that he has not received transcripts of proceedings he claims are necessary to any filing of objections to the Magistrate Judge's Orders.  Mr. Myart reported to the Court on August 15, 2006, that he had ordered these transcripts.  *See* [149] Pls.' Notice ¶ 1, 2 ("transcripts have been ordered this day from . . . [the] Office Manager, Pro-Typist").  As of September 27, 2007, the date of the instant Motion, Mr. Myart indicated that "he has not yet received one single transcript of the Court's hearings in which to prepare his recusal motion or objections to the magistrate's orders herein.  Counsel will attempt, even ill, to ascertain why this is the case."  Pls.' [159] Mot. ¶ 14.

In light of the delays that have continued to plague the availability of the transcripts, the Court spoke with the Office Manager to ascertain why Mr. Myart had not been sent the transcripts he requested.  The Office Manager informed the Court that Mr. Myart never ordered any transcripts.  While it appears that Mr. Myart called to inquire about ordering transcripts, he said he would call back another day to place an order.  He apparently never called back.  The Office Manager also informed the Court that transcripts are never prepared without first having obtained an order from a customer backed by a credit card or check.  There is no record of Mr.

---

[2] The Parties have supplemented these Motions with a series of related filings.  *See* [162] Plaintiffs' Notice of Filing dated October 1, 2007; [164] Plaintiffs' Notice of Intent to File Motions to Strike and for Sanctions dated October 2, 2007; [165] Plaintiffs' Notice of Filing dated October 2, 2007; [166] Defendants' Second Notice of Intent to File Motions to Strike and for Sanctions dated October 3, 2007; and [167] Plaintiffs' Response to Defendant's Second Notice to File Motions to Strike and for Sanctions dated October 4, 2007.  The Court has considered these additional submissions.

Myart ever having given a credit card number or other form of payment to Pro-Typist to obtain transcripts in the instant proceedings.

Mr. Myart's August 15, 2007 Notice also stated that he had "attempted to order the transcripts of hearings held before the Honorable District Judge [Kollar-Kotelly]." [149] Pls.' Notice ¶ 4.  While Mr. Myart called Judge Kollar-Kotelly's Deputy Courtroom Clerk, he received her voice mail that "indicated she was out of the office.  Counsel, therefore, was unable to order the transcripts of hearings before Honorable District Judge [Kollar-Kotelly].").  *Id.*  Based on the information the Court received from Pro-Typist, the Court also inquired of its Deputy Courtroom Clerk regarding Mr. Myart's request for transcripts.  The Deputy Courtroom Clerks' telephone log reflects that Mr. Myart left a message on August 15, 2007, leaving his name and a case number.  He did not leave a phone number for a return call, and there is no record of any further contact initiated by Mr. Myart.

This Court considers it a serious matter that Mr. Myart, as an officer of the Court, has made misrepresentations concerning the status of the transcripts he apparently needs to file objections to the July 28 Order and September 4 Order.[3]  These misrepresentations are both

---

[3] The Court also notes that this is not the first time Mr. Myart's candor has been questioned, as he is currently under indictment for perjury and has been subject to numerous other judicial inquiries.  *See* [161] Defs.' Opp'n to Pls.' Mot. Ex. 4 at 1-3 (indictment of James Myart on three counts of perjury, Crim. A. No. 07-5832) (Jun. 28, 2007); Defs.' Opp'n to Pls.' Mot. Ex. 2 at 1 (Texas State Bar issuing a 48-month partially probated suspension of James Myart for, among other reasons, "conduct that was deceitful and fraudulent") (effective March 4, 1999);  Defs.' Opp'n to Pls.' Mot. Ex. 3 (Order, *Oden v. Young*, Civ. A. No. 06-1353, denying James Myart's petition to practice *pro hac vice* for, among other reasons, disclosures to the court that were "incomplete, misleading and, in some instances, dishonest") (D. Nev. May 8, 2007). Mr. Myart's indictment and related legal matters may raise a question as to whether he should be permitted to continue practicing as a member of this Court.  This question is not one that is answered by this Judge, but rather is addressed by the District Court's Grievance Committee responsible for reviewing such matters.  This Memorandum Opinion and related Order should not be read to express an opinion one way or the other on this question.

highly inappropriate and equally unnecessary. As Mr. Myart is aware, these transcripts have been available for public viewing during the entire time he has sought these extensions. Transcripts are created and placed in the Clerk's Office for public viewing between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday. Once a transcript becomes available, a notification is placed on the appropriate docket. For example, the docket in this case reflects the continuing availability of the transcripts that Mr. Myart apparently needs to file objections to the Magistrate Judge's Orders. *See* dkt. entries [49], [90], [105], [108], [138], [139], and [142]. Mr. Myart was even notified that these transcripts were available by Magistrate Judge Facciola in a [150] Memorandum dated August 15, 2007 at 1-2 (explaining that the transcripts were available in the Clerk's Office and stating that "Counsel need not pay the cost and wait the time necessary to produce new transcripts from CDs when the transcripts have already been produced an indicated by the docket . . ."), <u>and</u> by this Court in a [152] Memorandum Opinion dated August 16, 2007 at 5-6 ("All transcripts cited in the [July 26 Order] have already been created . . . . said transcripts are and have been available for Plaintiffs' Counsel to review in the Clerk's Office"). Rather than avail himself of the transcripts that were already created, Mr. Myart instead represented to the Court that he ordered new transcripts to be created when, in fact, he had not. Because Mr. Myart's failure to procure these transcripts is the result of his own lack of diligence, the Court finds that Mr. Myart's Motions for a stay or continuance are not justified by the lack of transcripts in his possession.

    B.    *Medical Condition*

Mr. Myart filed the instant Motions seeking a continuance or stay based on his having "experienced a major medical crisis on Friday, September 21, 2007." *See* [159] Pls.' Mot. ¶ 1;

[169] Pls.' Mot. ¶ 1.  Mr. Myart reports that his physician "has ordered Mr. Myart not to work at all for at least the next thirty (30) days."[4]  [159] Pls.' Mot. ¶ 1.  Despite Mr. Myart's representations that he is medically incapable of working for 30 days due to his health, a review of publically available information suggests otherwise:

- On September 27, 2007, Mr. Myart is arrested on the steps of San Antonio City Hall while protesting certain practices of the San Antonio Police Department.  *See Attorney Myart Arrested At City Hall*, http://www.ksat.com/video/10483883/index.html (last visited Oct. 25, 2007).

- Between September 28, 2007, and October 3, 2007, Mr. Myart makes numerous phone calls and sends numerous emails to attorneys working for the Department of Justice.[5]  *See* [166] Defs.' Resp. to Pls.' Second Notice Ex. 3.  By way of example, Mr. Myart contacted Department of Justice attorneys on October 2, 2007, at the following times: 5:32 A.M. (email), 5:43 A.M. (email), 6:53 A.M. (email), 9:00 A.M. (phone), 10:50 A.M. (phone), 12:00 P.M. (email), and 12:25 P.M. (email).  *Id.*  His communications are argumentative, accusatory, and laced with invective.  *Id.*

- On September 29, 2007, Mr. Myart provides a statement to the Dallas Morning News criticizing a federal City Hall corruption probe involving his client.  *See*

---

[4] This is not the first request for a stay or continuance based on Mr. Myart's health.  On October 30, 2005, Mr. Myart requested a 90-day stay for health-related reasons and indicated that his physician ordered Mr. Myart "not to return to work on a full-time basis for [90-120 days] and then only by a doctor's release."  *See* [47] Pls.' Mot. to Enlarge Time dated October 30, 2005 ¶¶ 1-2.  The Court granted the stay.  *See* Minute Order dated November 7, 2007.  The day after entry of the stay, Mr. Myart filed a notice with the Court that he was traveling to Washington, D.C. for a hearing before another judge of this Court.  *See* [50] Notice of Counsel's Travel dated November 8, 2007.

[5] Mr. Myart also sent emails and letters to other recipients.  Some of these communications have been submitted to the Court for review, *see, e.g.*, [166] Defs.' Resp. to Pls.' Second Notice Ex. 3 (Email from James Myart to United States Department of Agriculture Officials (Oct. 3, 2007, 4:36 A.M)), whereas other communications are referenced but have not been submitted.  *See, e.g.*, Email from James Myart to Department of Justice attorneys (Oct. 3, 2007, 5:43 A.M.) (referring to emails sent by Mr. Myart to federal judges, Chairpersons of the Senate and House Judiciary Committees, and Attorney General-Designate); Email from Paul Dean, Department of Justice attorney, to James Myart (Oct. 3, 2007, 9:59 A.M.) (memorializing a phone conversation with Mr. Myart wherein Mr. Myart claimed to have sent letters to the media and Supreme Court).

[162] Defendant's Notice of Filing dated October 1, 2007, Ex. 1. He also grants a related television interview from his home. *See* [166] Pls.' Second Notice of Intent ¶ 7.

- On October 1, 2007, Mr. Myart files a Complaint in the United States District Court for the Western District of Texas. *See Paschal Evans, et al. v. Sculley, et al.*, Civ. A. No. 07-747 (W.D. Tex. Oct. 1, 2007).

- On October 9, 2007, Mr. Myart is arrested after disrupting a San Antonio city council meeting. *See* [170] Defs.' Opp'n to Pls.' Motion, Ex. 1.

These activities are simply inconsistent with the actions of a person whose medical condition prevents him from performing his obligations to this Court and to his clients. If Mr. Myart can make public appearances, engage in civil protest, provide statements to the media, file papers in other cases, and engage in daily and even hourly contact with opposing counsel via phone and email, he clearly has enough energy and wherewithal to perform his obligations in the instant proceedings. For these reasons, Mr. Myart's motion for a stay or continuance is not justified by his medical condition.

C.   *Filing of Objections*

Having rejected the arguments advanced in Mr. Myart's Motions, the Court is aware that Mr. Myart's failure to timely file objections to the Magistrate's Orders continues to prejudice his clients. For this reason, and this reason alone, the Court shall grant Mr. Myart's Motion to stay the case for a period of 45 days from the date of his initial [159] Motion, expiring November 12, 2007. The Court is putting Mr. Myart and his clients on notice that, upon expiration of the stay, the Court shall not grant Mr. Myart any further extensions, stays, or continuances in this matter. Accordingly, Mr. Myart and his clients should use the pendency of the stay to decide how they will proceed if Mr. Myart is unable to represent his clients for medical reasons, or represent his clients effectively for any other reason. Mr. Myart and his clients may also want to consider

whether this case should proceed in a different forum that is closer to where his clients are located, and where a larger pool of attorneys could potentially be available to represent the Plaintiffs in the event that Mr. Myart is unable to continue with his representation for medical reasons or otherwise.

### III. CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiff's [159] Motion for a 45-day stay and DENY Plaintiff's [169] Motion for a stay until December 20, 2007. The stay shall expire on November 12, 2007. If Mr. Myart and his clients decide that Mr. Myart cannot continue to represent them for medical reasons or any other reason, or if they decide that it would be advantageous to pursue this matter in a forum closer to where they are located, appropriate motions for the same shall be filed no later than November 13, 2007. If Mr. Myart and his clients decide to continue with the current representation in the current forum, Mr. Myart's objections to the July 26 Order and September 4 Order shall be filed no later than November 13, 2007.

The Court Clerk shall issue a copy of this Memorandum Opinion and accompanying Order directly to Plaintiffs Mr. and Mrs. Williams.

An Order accompanies this Memorandum Opinion.

Date: October 30, 2007

                                                                       /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge