UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT WILLIAMS, *et al.*,

    Plaintiffs,

  v.

MIKE JOHANNS, *et al.*,

    Defendants.

Civil Action No. 03-2245 (CKK)

**MEMORANDUM OPINION**
(January 2, 2008)

The instant Memorandum Opinion and accompanying Order concern the civil contempt of Mr. James W. Myart, Jr., counsel for Plaintiffs in the above-captioned proceeding. Magistrate Judge John M. Facciola issued the following Order in this case on July 21, 2005:

> All settlement discussions held before the Magistrate Judge are confidential. It is therefore, hereby, **ORDERED** that any participant who discloses what occurred during those discussions will be held in contempt of court and may be punished by a fine or imprisonment or both. It is further, hereby, **ORDERED** that counsel who breach the confidentiality of settlement discussions will be immediately referred for disciplinary action.

[34] Order at 1 (July 21, 2005) ("Confidentiality Order").[1]

On March 14, 2006, Mr. Myart filed on the public docket Plaintiffs' [55] Memorandum Submission on Mediation as Authorized by Magistrate Judge Facciola. Mr. Myart does not dispute that this submission violated the Confidentiality Order because it contained statements

---

[1] The Confidentiality Order is consistent with the Court's Local Rules relating to confidentiality of mediation sessions. *See* Local Civil Rule 84.9(a)(1) ("The Court hereby prohibits the mediator, all counsel and parties and any other persons attending the mediation from disclosing any written or oral communications made in connection with or during any mediation session.").

made during the course of a mediation session held before Magistrate Judge Facciola on March 9, 2006.  *See* Plaintiffs' [66] Motion to Seal Pleading and for for (sic) Incamera (sic) Inspection Submission at 2 (April 7, 2006) (describing his own submission as an "obvious, direct violation of the Court's order").

On March 31, 2006, Magistrate Judge Facciola ordered Mr. Myart to show cause to this Court explaining why he should not be held in contempt for violating the Confidentiality Order. *See* [65] Order at 1-2 (March 31, 2006).  *See also* 28 U.S.C. § 636(e) (permitting magistrate judges to require persons "to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt" and indicating that the district judge may "punish such [a] person in the same manner and to the same extent as for a contempt committed before a district judge"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (recognizing the various sources of authority for courts to sanction contempt).  This Court held a show cause hearing on April 20, 2006, at which Mr. Myart admitted he violated the Confidentiality Order, and the Court took the matter under advisement to consider an appropriate sanction.

Non-compliance with a confidentiality order in the context of a mediation can have a chilling effect on settlement discussions.  It can also make parties reluctant to engage in a frank exchange of information, perceiving that their disclosures will be subsequently used against them.  It is therefore essential that counsel maintain the confidentiality of mediation sessions and comply with orders of the Court to ensure that such proceedings operate fairly, efficiently, and effectively.  These principles require preservation and demand vindication, when necessary.

Mr. Myart has acknowledged his error.  *See* Plaintiffs' [66] Motion at 2 ("Counsel is now aware that he broke the rules and the Court's order with regard to the confidentiality of mediation

. . . Counsel offers no excuses with regard to his error . . . Counsel, therefore, respectfully seeks the Court's acceptance of his apology"); Plaintiffs' [181] Objections to Magistrate [Judge] John M. Facciola's Discovery Orders at 8 ("Counsel remains subject to contempt and sanctions due to an honest error which Counsel acknowledged and for which Counsel has respectfully apologized").

The Court has weighed the significance of Mr. Myart's non-compliance with the Confidentiality Order and has determined that the Court's finding of civil contempt, which can have consequences for an attorney, will have the appropriate deterrent effect required. Accordingly, the Court shall hold Mr. Myart in contempt for violating Magistrate Judge Facciola's Confidentiality Order, and shall require Mr. Myart to pay a nominal $50 fine into the Registry of the Court no later than February 15, 2008.

Date: January 2, 2008

                                            /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge