UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT WILLIAMS, *et al.*,

    Plaintiffs,

    v.

MIKE JOHANNS, *et al.*,

    Defendants.

Civil Action No. 03-2245 (CKK)

**MEMORANDUM OPINION**
(May 27, 2008)

On October 30, 2007, the Court issued an Order and Memorandum Opinion denying the request of Plaintiffs' counsel, Mr. James W. Myart, Jr., to stay all proceedings based on his medical condition and inability to procure seven transcripts purportedly necessary for his submissions due to the Court. Mr. Myart filed a [183] Motion to Reconsider the Opinion (but not the Order) on November 28, 2007, claiming that the Opinion relied on inaccurate information. Defendants filed an Opposition on December 10, 2007, and Mr. Myart filed a Reply on December 13, 2007. Prior to issuance of a ruling by the Court, Mr. Myart was removed from the list of attorneys in good standing in the bar of this Court and has reportedly surrendered his law license for reasons unrelated to this case.[1] The Court nevertheless takes seriously the

---

[1] *See* [196] Order at 1 (Jan. 2, 2008) (explaining that the Attorney Admissions Review Committee of the United States District Court for the District of Columbia removed Mr. Myart from a list of members in good standing because the application to renew his membership in the bar of the Court was rejected); *Roberts v. Bexar County Hosp. Dist.*, Civ. A. No. 06-221, Order at 1 (W.D. Tex. Apr. 16, 2008) (explaining that Mr. Myart "has been suspended for a term of three years by the State Bar of Texas); *Local Attorney Pleads Guilty to Theft* (May 15, 2008), http://www.ksat.com/news/16278642/detail.html (explaining that Mr. Myart has surrendered his law license).

suggestion that its Opinion was based on inaccurate information. Accordingly, the Court has thoroughly reviewed the above submissions, applicable case law and statutory authority, all publicly available information, and the record of the case as a whole, and shall deny the [183] Motion for Reconsideration, for the reasons that follow.

## I. BACKGROUND

The Court shall focus only on the facts necessary to resolve the instant Motion and shall not recite the lengthy history of this case, which has been exhaustively discussed in previous opinions issued in this case. *See, e.g.*, [141] Mem. Op. & Appendix (July 26, 2007). The Court's October 30, 2007 Opinion, the focus of Mr. Myart's Motion for Reconsideration, granted Plaintiffs a 45-day stay but specifically rejected the two arguments advanced by Mr. Myart in support of an additional stay. *See* [174] Mem. Op. at 9-10. The first argument was that Mr. Myart suffered a "major medical crisis" that prevented him from performing his obligations in this case. *See* Pls.' [159] Mot. for a Stay ¶ 1. The Court rejected this claim because, based on publicly available information, his activities during the period in which he was supposed to be on medical leave were inconsistent with a person who could not perform his obligations in this case. *See* [174] Mem. Op. at 8-9 (Oct. 30, 2007) (recounting Mr. Myart's activities during this time, including public appearances, civil protest, statements to the media, submissions to courts in other cases, and daily and even hourly contact with opposing counsel via phone and email). Mr. Myart's second argument was that he had not received seven transcripts of court hearings purportedly necessary to file the briefs due in this case. *See* Pls.' [159] Mot. for a Stay ¶ 14. The Court found that Mr. Myart's "failure to procure these transcripts [was] the result of his own lack of diligence" which did not justify his request for a stay. [174] Mem. Op. at 5-7 (Oct. 30, 2007).

Because the Court found that Mr. Myart's failures to timely file submissions continued to prejudice his clients, the Court granted a 45-day stay and put Mr. Myart and his clients on notice that upon expiration of the stay, the Court would not grant Mr. Myart any further extensions, stays, or continuances in this matter. *Id.* at 9-10.

In the instant Motion for Reconsideration, Mr. Myart does not argue that the Court erred by denying his request of an additional stay. *See* Pls.' [183] Motion for Recons. at 4 ("Plaintiffs did not seek review of the Court's order and instead complied with said order . . ."). The Motion similarly does not argue that the Court incorrectly found that his medical condition did not justify a stay. *Id.* at 27-33 (examining the facts on which the Court relied and indicating as to each "this is true").[2] The Motion also does not argue that the Court's conclusion concerning his lack of diligence in procuring the transcripts was incorrect. *Id.* at 25 ("Counsel does not here attempt to absolve himself of any judgment error and probably should have called Pro Typist, Inc. after the expiration of 30 days (sic) the order was placed. Counsel did not make a call to inquire about the non-delivery of the transcripts."). The sole argument in the Motion for Reconsideration is that the Court was incorrect that Mr. Myart had misrepresented the date on which he had ordered transcripts of six hearings before Magistrate Judge Facciola and one hearing before this Court. *See* [174] Mem. Op. at 6-7 (Oct. 30, 2007).

## II. LEGAL STANDARD AND DISCUSSION

---

[2] Mr. Myart argues that the activities that the Court identified as inconsistent with the status of someone on medical leave were worthwhile and should not be considered in a "negative light." *See* Pls.' [183] Mot. for Recons. at 26-33. This argument misses the mark. The Court did not express an opinion, one way or the other, on whether these activities were worthwhile. Rather, the Court highlighted the fact that these activities were inconsistent with Mr. Myart's representations that he was so ill that he could not perform his obligations in this case.

Pursuant to Fed. R. Civ. P. 54(b), "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." As Mr. Myart has sought revision of the Court's October 30, 2007 Opinion which accompanied an Order adjudicating fewer than all the claims or rights and liabilities of the parties, Fed. R. Civ. P. 54(b) is the appropriate standard in which to examine his Motion. The standard for determining whether or not to grant a motion to reconsider brought under Rule 54(b) is the "as justice requires" standard espoused in *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005), which requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Id.* Considerations a court may take into account under the "as justice requires" standard include whether the court "patently" misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred. *See Singh v. George Washington University*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).

Mr. Myart notified the Court that he ordered transcripts on August 15, 2007, that were purportedly necessary to file submissions due to the Court. *See* [149] Pls.' Notice ¶ 1, 2 (Aug. 15, 2007) ("transcripts have been ordered this day from . . . [the] Office Manager, Pro-Typist"). As of September 27, 2007, Mr. Myart indicated that "he has not yet received one single transcript of the Court's hearings in which to prepare his recusal motion or objections to the magistrate's orders herein. Counsel will attempt, even ill, to ascertain why this is the case." Pls.' [159] Mot. for a Stay ¶ 14. To resolve the issues described in its October 30, 2007 Opinion, the Court

contacted Carol Grant, the Office Manager at Pro-Typist, to inquire into the status of the transcripts.  *See* [174] Mem. Op. at 5 (Oct. 30, 2007).  The Court was informed that the transcripts were not ordered on August 15, 2007, as Mr. Myart had represented.  *Id.* at 5.  The Court also inquired into the status of the one transcript available from the Court's reporter (not Pro-Typist), and discovered that Mr. Myart had not placed an order for that transcript by August 15, 2007.  *Id.* at 6.  The Court concluded that Mr. Myart had misrepresented the status of the transcripts in his August 15, 2007 Notice to the Court, and that his own lack of diligence was to blame for his inability to procure the transcripts.  *Id.* at 6-7.

      In the instant Motion, Mr. Myart argues that he *did* order the transcripts on August 15, 2007, consistent with his August 15, 2007 Notice to the Court.  *See* Pls.' [183] Mot. for Recons. at 19-25.  Attached to his motion is a declaration from Carol Grant, who indicates that Mr. Myart "contacted Pro Typist on August [15], 2007 to order transcripts of hearings conducted by Magistrate Judge John Facciola in the *Williams* case."  *Id.*, Ex. 1 at 1 (Decl. of Carol Grant, Office Manager of Pro-Typist).  It is apparent to the Court, however, that Mr. Myart did not order the transcripts on August 15, 2007, as he represented.  First, the transcript associated with this Court's hearing was not available through Pro-Typist, as it had to be ordered through the Court's reporter.  Mr. Myart concedes that he did not contact the Court's reporter until November 7, 2007 – one week *after* the Court issued its October 30, 2007 Opinion.  *Id.* at 11.  Second, although Mr. Myart *called* Pro-Typist on August 15, 2007, he failed to provide Pro-Typist with the information necessary to order the transcripts:

> Mr. Myart gave me the dates the transcripts were entered into the record . . . Mr. Myart told me he was giving me the dates of entry of the transcripts in the record. *I later found out the actual dates of the hearings, the information we needed to*

*acquire the transcripts.*

*Id.*, Ex. 1 at 2 (Decl. of Carol Grant) (emphasis added).  Third, out of an abundance of caution, the Court asked for and received from Pro-Typist a copy of Ms. Grant's notes reflecting a call with Mr. Myart on August 15, 2007.  Ms. Grant's notes indicate that Mr. Myart asked Ms. Grant to "call [him] in advance and give [an] estimate & status report" as to the transcripts he wanted to acquire.  Because Mr. Myart failed to provide Ms. Grant with the correct transcript information necessary to process the transcripts, Ms. Grant apparently never acted on this call.  Mr. Myart concedes that he never called Ms. Grant to inquire into the transcripts until *after* the Court had issued its October 30, 2007 Opinion.  *See* Pls.' [183] Mot. at 25 ("Counsel does not here attempt to absolve himself of any judgment error and probably should have called Pro Typist, Inc . . . ").

Based on the above, the Court finds that its October 30, 2007 Opinion did not contain incorrect information.  The instant Motion does not dispute that Mr. Myart could not have ordered the transcript of this Court's hearing, as Mr. Myart did not order it until September 7, 2007.  As for the other six transcripts, Mr. Myart *called* Pro-Typist on August 15, 2007, but he did not provide the information necessary to process the transcripts, and he asked to be called before the order was processed (which did not occur).  Rather than call Pro-Typist to ask about the status of the transcripts, Mr. Myart simply did nothing for the 76 days that elapsed between his initial call to Pro-Typist on August 15, 2007, and the Court's Order and Opinion issued on October 30, 2007.  Mr. Myart inexplicably also failed to take advantage of the transcripts of these hearings that were already produced and available in the clerk's office for public viewing at any

time.[3]  Under these circumstances, the Court finds that Mr. Myart has failed offer any persuasive justification for reconsidering its October 30, 2007 Opinion.

### IV.  CONCLUSION

For the reasons set forth above, the Court shall deny Plaintiffs' [183] Motion for Reconsideration.  An appropriate Order accompanies this Memorandum Opinion.

Date: May 27, 2008

                                                 /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge

---

[3] Both Magistrate Judge Facciola and this Court issued Orders notifying Mr. Myart that these transcripts were publicly available for his review at any time.  *See* [150] Mem. Op. at 1-2 (Aug. 15, 2007); [152] Mem. Op. at 5-6 (Aug. 16, 2007).