UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT WILLIAMS, *et al.*,

    Plaintiffs,

    v.

MIKE JOHANNS, *et al.*,

    Defendants.

Civil Action No. 03-2245 (CKK)

**MEMORANDUM OPINION**
(May 27, 2008)

Currently pending before the Court are Plaintiffs' [180] Objections to Magistrate Judge John M. Facciola's (1) Order and Memorandum Opinion dated December 28, 2006 (dckt. entries 91, 92); (2) Order and Memorandum Opinion dated July 26, 2007 (dckt. entries 140, 141); and (3) Order and Memorandum Opinion dated September 4, 2007 (dckt. entries 155, 156). Plaintiffs object to these Orders and Opinions based on their unsupported perception that the Magistrate Judge is biased against them and on numerous other grounds. The Court has throughly reviewed each of these Orders and Opinions, as well as Plaintiff's [181] Objections filed on November 15, 2007, Defendants' [180] Opposition filed on November 26, 2007, and Plaintiffs' [187] Reply filed on December 3, 2007, applicable case law and statutory authority. Based on the foregoing, the Court shall overrule Plaintiffs' Objections, and shall affirm the Orders and Opinions in their entirety.

**DISCUSSION**

A recitation of the facts underlying this Memorandum Opinion would be highly repetitive, as this Court and the Magistrate Judge have issued previous Opinions exhaustively

setting forth the background facts of this case. *See* [174] Mem. Op. at 1-10 (Oct. 30, 2007); [141] Mem. Op., App. 1-40 (July 26, 2007). The Court shall incorporate these Opinions herein as part of this Opinion and shall proceed directly to Plaintiffs' Objections, highlighting the facts related to the Parties' arguments only to the extent necessary.

This Court referred the instant case to Magistrate Judge Facciola for resolution of all discovery matters pursuant to Local Civil Rule 72.2(a) on March 27, 2006. Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a)] within 10 days[.]" LCvR 72.2(b). Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection." *Id.* Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Australia*, 204 F.R.D. 217, 218 (D.D.C. 2001).

    **A.**    **Order and Memorandum Opinion Dated December 28, 2006**

Magistrate Judge Facciola's Order and Opinion dated December 28, 2006 (dckt. entries 91, 92) granted Defendants' unopposed Second Motion to Compel and sanctioned Plaintiffs for responding to Defendants' interrogatories with the same answers that the Magistrate Judge had

specifically found to be insufficient or inadequate in a previous Order. *See* [92] Mem. Op. at 11-18 (Dec. 28, 2006). Having already sanctioned Plaintiffs once for submitting inadequate discovery responses, *see* Min. Order dated May 15, 2006, this Order sanctioned Plaintiffs by prohibiting the introduction of certain evidence at trial and requiring Plaintiff's counsel to pay attorneys' fees to Defendants.[1]

Prior to issuance of the Order and Opinion, Plaintiffs' counsel had argued that his client, Mrs. Williams, was too ill to assist him with discovery in this case, a fact which he had brought to the attention of the Magistrate Judge at a November 17, 2007 hearing. *See* Pls.' [181] Obj. at 11. Plaintiffs' counsel filed two medical reports on December 4, 2006, including one from Dr. Judith Clayton, who indicated that Mrs. Williams suffered from several medical conditions. *See* [89] Notice, Ex. 1 at 1-2. Dr. Clayton subsequently submitted a one-line letter stating that "Mrs. Williams is not medically capable of traveling and/or participating in the litigation." *See* Pls.' [97] Mot. Quash, Ex. 1 (Letter from Dr. Clayton to Whom It May Concern dated Jan. 25, 2007). Plaintiffs object to Magistrate Judge Facciola's Order and Opinion dated December 28, 2006, on the basis that he failed to take into account the health of Mrs. Williams. *See* Pls.' [181] Obj. at 10-15.

As a threshold issue, Plaintiffs' objections to the Order and Opinion dated December 28, 2006, are untimely. Pursuant to Local Civil Rule 72.2(b), Plaintiffs had 10 days to object to the Order and Opinion issued on December 28, 2006. To be timely, Plaintiffs would have had to file

---

[1] Magistrate Judge Facciola upheld this Order and Opinion on July 26, 2007, after Plaintiffs had moved for reconsideration. Plaintiffs are also objecting to the July 26, 2007 Order and Opinion, which the Court shall discuss separately below.

their Objections no later than January 17, 2007.[2]  The Objections were filed on November 15, 2007.  Nevertheless, even if the Court were to consider Plaintiffs' Objections to be timely, it would overrule them for two reasons.  First, a review of the Opinion indicates that Magistrate Judge Facciola was aware of Mrs. Williams' health and took it into account in fashioning his Order and Opinion.  For example, the Magistrate Judge indicated that

> [he did not] wish to subject plaintiffs to undue hardship in pursuit of their claims if they are sick or infirm.  Accordingly, defendants are ordered to provide plaintiffs with three possible dates for medical examinations of plaintiffs to be conducted in conjunction with depositions to take place in Texas [where Plaintiffs reside].

[92] Mem. Op. at 21 (Dec. 28, 2006).  Because of the overwhelming evidence of discovery abuses by Plaintiffs' counsel, *id.* at 3-20, and the fact that the Magistrate Judge was aware of and considered Plaintiffs' arguments concerning the health of Mrs. Williams, *id.* at 21-23, Plaintiffs have failed to identify an error in the Magistrate Judge's Order and Opinion.

There is yet another basis to affirm, however.  Following issuance of the Order and Opinion, Magistrate Judge Facciola issued an Order scheduling a telephonic hearing on the record with the Parties and with Dr. Judith Clayton, "to fully elucidate the physical limitations of Mrs. Williams to participate in her suit as described . . . in her medical report filed in this case." *See* Min. Order dated January 25, 2007.  During the telephonic hearing, Dr. Clayton clarified that her statements meant only that Mrs. Williams was incapable of traveling to Washington D.C. – but that Mrs. Williams *was* fully capable of speaking with her attorney, answering

---

[2] Pursuant to Federal Rule of Civil Procedure 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays [are] excluded in the computation" of time.  Federal Rule of Civil Procedure 6(e) also adds an additional 3 days to the calculation of time for service made under Rule 5(b)(2)(D), which includes service under ECF.

interrogatories, gathering documents for her attorney, or sitting for a deposition with appropriate breaks. *See* Transcript of Telephone Hearing, February 7, 2007 at 7-8. Plaintiffs' argument that their counsel could not complete discovery because of the health of Mrs. Williams is, therefore, clearly belied by the record.

Plaintiffs also argue that the February 2, 2007 telephonic hearing was improper because "[c]ounsel was completely unaware on the day of the hearing that the Honorable Judge Kollar-Kotelly was present and listening to the hearing." Pls.' [181] Obj. at 16. Plaintiffs argue further that "[c]ounsel's participation and comments in the hearing would surely have been affected by knowing that Judge Kollar-Kotelly was present." *Id.* at 17. This strange argument is made even stranger by the fact that it is entirely counterfactual. At the beginning of the hearing, Magistrate Judge Facciola specifically informed counsel who was present at the hearing:

> I'd like the record to reflect that with me today in the courtroom is the presiding Judge, the Honorable Colleen Kollar-Kotelly and her law clerk and my law clerk, as well.

*See* Transcript of Telephone Hearing, February 7, 2007 at 2. Needless to say, Plaintiffs' arguments provide no reason to overturn Magistrate Judge Facciola's Order and Opinion dated December 28, 2006.[3]

### B.    Order and Memorandum Opinion dated July 26, 2007

Plaintiffs filed a Motion to Reconsider the December 28, 2006 Order and Opinion on January 30, 2007, asking the Magistrate Judge to strike the sanctions imposed for Plaintiffs' discovery failures. The Magistrate Judge denied the Motion because:

---

[3] In Reply, Plaintiffs' counsel concedes that this argument may have been a "mistake." *See* Pls.' [187] Reply at 5.

> In addition to failing to provide adequate supplemental answers and production of documents as ordered by invoking (a) the useless answer "will supplement" to certain interrogatories, (b) a mistaken and equally useless reference to the Code of Federal Regulations, and (c) meaningless references to an unspecified "file," Plaintiffs' counsel blatantly 'supplemented' many answers to interrogatories with the very responses that the Court found insufficient in its first order compelling discovery.

[141] Mem. Op. at 3-4 (July 26, 2007). The Opinion also stated that, based on the hearing with Dr. Clayton on February 2, 2007, Plaintiff's counsel – and not Mrs. Williams – was to blame for the identified discovery failures. *Id.* at 4-5. Finally, the Opinion attached a 40-page appendix describing how Plaintiffs' counsel "has openly and repeatedly violated specific directives of this Court, multiple Federal Rules of Civil Procedure, and local rules," with citations directly to the record. *Id.*, Appendix at 1-40.

Disregarding the record evidence, Plaintiffs argue that Magistrate Judge Facciola incorrectly found that Mrs. Williams was capable of participating in discovery. *See* Pls.' [181] Obj. at 19. According to Plaintiffs, the Magistrate Judge should have relied solely on the conclusory medical reports submitted by Plaintiffs into the record, and should have disregarded Dr. Clayton's clarification that Mrs. Williams was entirely capable of participating in discovery provided it did not require travel to Washington, D.C. *Id.* Plaintiffs justify this argument by impliedly relying on the parol evidence rule of contracts that prevents "evidence of any previous oral or written negotiations or agreements involving the same subject matters . . . to explain or vary the terms of [a] contract." *Ulliman Schutte Constr., LLC v. Emerson Process Management Power & Water Solutions*, Civ. A. No. 02-1987, 2006 U.S. Dist. LEXIS 14897 at * 33 (D.D.C. Mar. 31, 2006) (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479 (Pa. 2004)).

The first and most obvious problem with Plaintiffs' argument is that the parol evidence

rule does not apply where, as here, there is no contract between the parties, and the Court is not being asked to construe the terms of a contract.  *Id.* ("[f]or the parol evidence rule to apply, 'there must be a writing that represents the entire contract between the parties'").  Second and equally problematic is that Dr. Clayton's clarification was necessary because Plaintiffs themselves placed so much importance on the issue (and continue to do so), and there is ultimately no evidence in the record suggesting that Dr. Clayton's explanation during the February 2, 2007 telephonic hearing was unreliable or incorrect.  Accordingly, Plaintiffs offer no reasonable basis to disregard her statements, and the Court shall affirm the Magistrate Judge's Order and Opinion dated July 26, 2007, in their entirety.

      **C.**     **Order and Memorandum Opinion dated September 4, 2007**

Plaintiffs argue that Magistrate Judge Facciola erred in his Order and Opinion dated September 4, 2007, because he limited the scope of discovery regarding allegations of discrimination against black farmers to Plaintiffs' county and all adjacent counties for a five-year period.  Pls.' [181] Obj. at 23-24.  Plaintiffs argue that, even though the Magistrate Judge "essentially found in Plaintiffs' favor in connection with their Motion to Compel," these limitations improperly prevent Plaintiffs from "showing a national, sweeping, long history of the Defendant's pattern and practice of the discrimination it has practiced for years and even to this day continues."  *Id.* at 24.

The Court affirms the Magistrate Judge's decision to limit the scope of this discovery.  Although Magistrate Judge Facciola had previously sanctioned Plaintiffs by preventing them from introducing evidence of comparator farmers at trial beyond the two names provided in Plaintiffs' interrogatory responses, *see* [92] Mem. Op. at 16 (Dec. 28, 2006), the Magistrate

Judge allowed Plaintiffs to take discovery of a broader group of comparators because that information could be relevant for purposes of showing intent. *See* [156] Mem. Op. at 4 (Sept. 4, 2007). Nevertheless, the Magistrate Judge found that this evidence could be discovered without the need for ten years of documents. *Id.* at 5. Accordingly, the Order and Opinion limited discovery of other comparators to farm applicants in Plaintiffs' county, each adjacent county, for the preceding five years, rather than the requested 10 years for the entire state of Texas. *Id.*

Although Plaintiffs express a desire to show a "sweeping national trend of discrimination," Plaintiffs are suing individually, not as a class, and their need for evidence to establish intent must be balanced against the probative value of such evidence and the burdens imposed on Defendant. *See* Fed. R. Evid. 403, 404(b); *Johnson v. Washington Times*, 208 F.R.D. 16, 19 (D.D.C. 2002) (limiting evidence of other discriminatory acts to those related in time and place). Having reviewed the record and the Magistrate Judge's Opinion, the Court cannot find that the Magistrate Judge erred by placing reasonable geographic and temporal limitations on the requested discovery.[4] Consequently, the Court shall affirm Magistrate Judge Facciola's Order and Opinion dated September 4, 2007, in their entirety.

### D. Magistrate Judge's Alleged Bias

Finally, Plaintiffs raise the "general" objection to all of the Magistrate Judge's Orders and

---

[4] The Court notes that Plaintiffs attempt to distinguish the Magistrate Judge's analysis and case citations by arguing that Defendant has "already admitted discrimination against black farmers and has settled many of the cases out of court. The cases encompassed black farmers throughout the entire country." Pls.' [181] Obj. at 25. As Defendant rightly argues, evidence concerning settlements is generally inadmissible to prove liability in subsequent cases. *See* Fed. R. Evid. 408. Moreover, nothing about these settlements suggests that discovery of evidence concerning Defendant's intent under Fed. R. Evid. 404(b) is limitless such that it cannot be subject to reasonable limitations, taking into account probative value, possibility of prejudice, and the burden on the party producing the discovery.

Opinions that they are pervaded by his bias toward Plaintiffs and/or Plaintiffs' counsel.  *See* Pls.' [181] Obj. at 7-11.  The Court finds this objection devoid of merit.  First, the Court has reviewed the Magistrate Judge's Orders and Opinions above and has affirmed them in all respects, finding them well-reasoned and well-supported by the record.  Plaintiffs' inability to identify any factual or legal errors made by the Magistrate Judge directly undermines Plaintiffs' objection that the Magistrate Judge was biased against them.  Second, the Magistrate Judge issued at least one discovery Order that ruled in favor of *Plaintiffs*, as conceded in Plaintiffs' Objections.  *See* Mot. at 22 ("Judge Facciola essentially found in Plaintiffs' favor in connection with their Motion to Compel").  Although a judge's ruling for or against one party is insufficient to show bias, *see Pharaon v. Bd. of Governors of the Federal Reserve Sys.*, 135 F.3d 148, 155 (D.C. Cir. 1998) (holding that rulings in favor of a party "fall far short of demonstrating" bias), the Magistrate Judge's various rulings in favor of *both* parties in this case undermines Plaintiffs' claims of bias even further.  Third, the record supports the inescapable conclusion that Plaintiffs' discovery abuses have been pervasive and egregious.  The Magistrate Judge's decisions to sanction Plaintiffs for their repeated discovery abuses were appropriate and based on the extensive record described by the Magistrate Judge.  *See* [142] Mem. Op., App. at 1-40 (July 28, 2007).  Fourth, the Magistrate Judge's references to the behavior of Plaintiffs' counsel as "cavalier," "deficient," "graceless," or any similar adjectives do not demonstrate bias.  Not only are those characterizations supported by the record, but the D.C. Circuit has explained that "[s]harp words spoken by a trial court to counsel do not by themselves establish impermissible bias.  There is a modicum of quick temper that must be allowed even judges." *United States v. Lawson*, 494 F.3d 1046, 1055 (D.C. Cir. 2007) (quoting *United States v. Donato*, 99 F.3d 426, 434 (D.C. Cir.

1996)).

## IV.  CONCLUSION

For the reasons set forth above, the Court shall deny Plaintiffs' [181] Objections to Magistrate Judge John M. Facciola's (1) Order and Memorandum Opinion dated December 28, 2006 (dckt. entries 91, 92); (2) Order and Memorandum Opinion dated July 26, 2007 (dckt. entries 140, 141); and (3) Order and Memorandum Opinion dated September 4, 2007 (dckt. entries 155, 156).  An appropriate Order accompanies this Memorandum Opinion.

Date: May 27, 2008

                                           /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge