## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT WILLIAMS, *et al.*,

     Plaintiffs,

     v.

THOMAS J. VILSACK, *et al.*,

     Defendants.

Civil Action No. 03-2245 (CKK)

## MEMORANDUM OPINION
(November 15, 2009)

Before the Court is Defendants' Motion to Strike the Plaintiffs' Amended Notice of Appeal.  For the reasons explained below, the Court shall GRANT the motion and STRIKE the notice of appeal filed in this Court on October 8, 2009.[1]

The merits of this case were decided by this Court in a Memorandum Opinion and Order granting summary judgment for Defendants on June 1, 2009.  *See* Dkt. 229-30.  On July 31, 2009, Plaintiff Robert Williams filed a notice of appeal.  *See* Dkt. 231.[2]  The notice stated that "Plaintiff, Robert Williams, by and through his undersigned counsel, hereby appeals . . . the judgment of this Court entered on the [1st] day of June, 2009, in favor of Defendant against said Plaintiff granting Defendant's Motion for Summary Judgment and dismissal of the action."  *Id.*  The notice does not refer to or otherwise mention Plaintiff LaVerne Williams.  On October 8,

---

[1] Although a timely notice of appeal ordinarily divests the district court of jurisdiction, a deficient notice of appeal does not.  *See Gilda Industries, Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008).  Because the Court finds that Plaintiffs' second notice of appeal is untimely, the Court has jurisdiction to rule on Defendants' motion.

[2] The notice of appeal was docketed on August 3, 2009.  However, the notice was received by the clerk's office on July 31, 2009, sixty days after the entry of judgment.

Plaintiffs filed, without leave of court, a second notice of appeal indicating that "Plaintiffs, Robert Williams and LaVerne Williams" were appealing the June 1, 2009 judgment of the Court. Dkt. 232.  On October 13, 2009, Defendants filed a [234] Motion to Strike Plaintiffs' Amended Notice of Appeal.  Plaintiffs have filed an opposition and Defendants have filed a reply, so Defendants' motion is now ripe for decision.

The federal courts of appeals do not have jurisdiction over a party who is not specified in a notice of appeal in accordance with Federal Rules of Appellate Procedure (FRAP) 3 and 4. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988).  In *Torres*, the Supreme Court held that Rule 3 requires that a notice of appeal specifically indicate each party appealing and that the use of the term "et al." would not suffice to indicate other parties to the appeal.  *Id.*  FRAP 3(c) was amended after *Torres* so as to permit the use of "et al." to designate other parties to an appeal in certain circumstances.  *See* FRAP 3(c) advisory cmte. note.  The test established by the current rule for determining whether such designations are sufficient is whether it is "objectively clear that a party intended to appeal."  *See id.*  However, this standard does not assist Plaintiff LaVerne Williams here because the phrase "et al." was not used in the first notice of appeal filed with this Court on July 31, 2009, and there is nothing in that notice that even indicates the existence of another plaintiff (other than Robert Williams) in the case.  In fact, the caption above the first notice of appeal lists "Robert Williams" as the singular "Plaintiff" and "Thomas J. Vilsack, et al." as "Defendant" [sic], *see* Dkt. 231, suggesting that the omission of "et al." next to the Plaintiff's name was deliberate.  The only indication that LaVerne Williams is even a party to the case is that the phrases "et al." and "Plaintiffs" are used in the caption of the certificate of service attached to the notice of appeal.  However, this does not provide an objectively clear

indication of Plaintiff LaVerne Williams' intent to appeal the June 1, 2009 judgment of this Court.

Plaintiffs' second notice of appeal, which attempts to cure the earlier defect by explicitly naming LaVerne Williams as an appellant, was filed one hundred and thirty days after this Court entered its final judgment. According to FRAP 4—which incorporates the statutory jurisdictional limitations on the time for filing an appeal, *see Bowles v. Russell*, 551 U.S. 205, 208 (2007)—the notice of appeal in a case where the United States or its officers are a party must be filed with the district clerk within 60 days after the judgment or order appealed from is entered. FRAP 4(a)(1). A district court may extend the time for filing a notice of appeal if a party moves for an extension no later than 30 days after the initial 60-day period expires. *See* FRAP 4(a)(5)(A). A district court may also reopen the time to file an appeal for a period of 14 days if it determines that (i) the moving party did not receive notice of the entry of the judgment sought to be appealed within 21 days of its entry; (ii) the motion is filed within either 180 days after entry of the judgment or 7 days after the parties receives notice of the entry of judgment, whichever is earlier; and (iii) that no party would be prejudiced. Because Plaintiffs did not file their second notice of appeal within 60 days after the entry of final judgment and did not move the Court for an extension of time within 30 days after the 60-day period, the second notice of appeal is untimely. Furthermore, because there is no evidence that Plaintiff LaVerne Williams failed to receive notice of the entry of the final judgment, the Court cannot reopen the time to file a notice of appeal.

In their opposition to Defendants' motion to strike, Plaintiffs acknowledge that LaVerne Williams was inadvertently omitted from the Notice of Appeal. Pls.' Opp'n ¶ 2. Nevertheless,

they refer to filings, such as a certificate of parties, submitted to the Court of Appeals on October

1, 2009 that clearly indicate LaVerne Williams intended to appeal the June 1, 2009 order. *Id.* ¶¶

3, 5.  Regardless of the content of these filings, however, they do not constitute a proper notice of

appeal filed in the district court.  Even if Plaintiffs had filed these documents in the district court

on October 1, 2009, their filings would be well beyond the jurisdictional time limits for filing a

notice of appeal.  Plaintiffs claim that their "amended" notice of appeal should be permitted

because the only jurisdictional requirement for filing an appeal is the timely filing of the notice of

appeal, which was accomplished by the first notice of appeal.  Pls.' Opp'n ¶ 7.  This is simply

wrong.  As explained above, the notice of appeal must be filed timely *and* name all the parties to

the appeal.  *Torres*, 487 U.S. at 314 ("The failure to name a party in a notice of appeal is more

than excusable 'informality'; it constitutes a failure of that party to appeal.")  The only authority

cited by Plaintiffs is a case from the Ohio Court of Appeals in which the court held that an

appellant's spouse should not be excluded from an appeal absent a showing of prejudice to the

opposing party.  *See* Pls.' Opp'n ¶ 7 (citing *Campbell v. Allstate Ins. Co.*, No. 99CA0065, 2000

WL 646484 (Ohio Ct. App. May 19, 2000)).  This case is not binding authority, however, and the

Supreme Court of Ohio has explicitly stated that it does not interpret its state rules of appellate

procedure as strictly as the Supreme Court of the United States has interpreted the federal rules.

*See Transamerica Ins. Co. v. Nolan*, 649 N.E.2d 1229, 1231 (Ohio 1995).  Thus, Plaintiffs have

cited no binding or persuasive authority for the position that this Court may accept their untimely

filed second notice of appeal.

Accordingly, the Court shall GRANT Defendants' [234] Motion to Strike Plaintiffs'

Amended Notice of Appeal and order that the Clerk of the Court STRIKE Plaintiffs' [232]

Amended Notice of Appeal from the record.  An appropriate order accompanies this

Memorandum Opinion.

    ___/s/_____
    COLLEEN KOLLAR-KOTELLY
    United States District Judge